Paul A. Lundahl and Minnie Lundahl, Plaintiffs-Appellants, v. Rockford Memorial Hospital Association, etc., and Dr. C. R. Paynter, Defendants-Appellees.

Gen. No. 67–110.

Second District.

March 28, 1968.

Laverne E. Anderson, of Rockford, and Dario A. Garibaldi, of Flossmoor, for appellants.

Welsh, Welsh, Holmstrom and Hyzer, and Maynard, Maynard and Brassfield, of Rockford, for appellees.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

The plaintiffs brought suit in the Circuit Court of Winnebago County against Rockford Memorial Hospital Association and Dr. C. R. Paynter for injuries allegedly suffered by the plaintiff, Paul A. Lundahl, as a result of the defendants' negligence. At the close of the plaintiffs' case, the trial court, on the motion of the defendants, directed a verdict in their favor and this appeal resulted.

For years our courts have held that a motion to direct a verdict for the defendant should be allowed where

the evidence, when considered in its aspects most favorable to the plaintiff, together with all reasonable inferences to be drawn therefrom, totally fails to prove one or more essential elements of the case. Lindroth v. Walgreen Co., 407 Ill 121, 130, 94 NE2d 847; LaSalle Nat. Bank v. Feldman, 78 Ill App2d 363, 370, 223 NE2d 180; Larson v. Harris, 77 Ill App2d 430, 434, 222 NE2d 566.

Mr. Lundahl first consulted Dr. Paynter on October 31, 1961, in regard to pain in his lower back. Dr. Paynter observed that he was apprehensive and nervous. He prescribed medication and arranged for a program of physiotherapy for his back at Rockford Hospital. On November 4, Lundahl again visited Dr. Paynter's office and related that his back "felt better" although he was still nervous. On November 7, Lundahl telephoned Dr. Paynter and informed him that he had had hiccoughs for several days and was in considerable discomfort. Dr. Paynter visited Lundahl at his home around 7:00 or 8:00 p. m. that evening and recommended immediate hospitalization for a definitive examination. Lundahl followed the recommendation and was admitted into Rockford Hospital around 12:50 a. m. Dr. Paynter arrived at the hospital shortly thereafter and Lundahl was given various medications and treatment in an effort to relieve his hiccoughs. Dr. Paynter also recommended that X rays of the stomach be taken to aid his search for the source of the problem. The Lundahls agreed that X rays would be helpful.

At 7:00 a. m. on November 8, Lundahl was taken to the X-ray department of the hospital and at the direction of a nurse, drank a container of barium sulphate and had the X rays taken. At 9:30 a. m., Dr. Paynter visited Lundahl in his room and Lundahl complained that he was "bound up, constipated." Dr. Paynter told him "Don't worry about it. You will come out all right after a while." Lundahl made several unsuccessful attempts to evacuate

his bowels during that day and at 7:00 p. m. again advised his doctor that he was constipated and was told "Don't get excited."

At around 8:00 p. m., Lundahl again attempted a movement, "pushed pretty good" and experienced a sudden sharp pain that felt "like something came loose." Dr. Paynter prescribed an enema on the morning of November 9.

On the evening of November 9, Dr. Paynter observed that Lundahl had two swollen masses in the area outside his anus which he diagnosed as thrombosed hemorrhoids. On November 10, Dr. Paynter consulted with a Dr. Pemberton, a specialist in rectal diseases, who confirmed the diagnosis and found a prolapse or slipping down of the rectum. Dr. Pemberton performed a hemorrhoidectomy on November 14. After a prolonged and apparently painful convalescence, Lundahl eventually recovered.

The plaintiffs contend that the evidence thus presented tended to prove their allegations that Dr. Paynter had been negligent in that he knew Lundahl was in a state of extreme nervousness and either knew or should have known that this condition itself could cause constipation. Under these circumstances, they urge, it was negligence on his part to prescribe barium sulphate which is well known to be an insoluble, indigestible substance, without a prior determination of constipation or some artifice to aid immediate evacuation; and that this negligence was compounded by Dr. Paynter's failure to prescribe relief even after Lundahl complained of constipation on November 8 and by his failure to supervise or consult with the nurses or to disclose to Lundahl the possible dangers of the use of barium. The plaintiffs argue that as the result of this negligence, Lundahl's rectum became impacted with fecal matter that directly caused the prolapse.

Ordinarily, it is necessary for a plaintiff in a malpractice action to establish by expert testimony that the physician was unskillful and/or negligent in his

treatment and that the injuries suffered by the plaintiff were a result of that want of skill or negligence. Piacentini v. Bonnefil, 69 Ill App2d 433, 440, 217 NE2d 507; Graham v. St. Luke's Hospital, 46 Ill App2d 147, 156, 196 NE2d 355.

An exception to that rule has been established in cases of so-called "common knowledge" or "gross negligence" where the physician's conduct is so palpably negligent or the treatment is so common that a layman could readily appraise it. Scardina v. Colletti, 63 Ill App2d 481, 488, 211 NE2d 762. We do not feel that this case falls within the exception.

Dr. Paynter and Dr. Pemberton were both called to testify under section 60 of the Civil Practice Act. They agreed that barium sulphate is an indigestible, relatively insoluble substance commonly used in X raying the digestive tract. Dr. Pemberton stated that it was not usual to aid a patient to evacuate barium except in the minority of cases where it is not passed after twenty-four hours and that Dr. Paynter's procedure was the usual and customary one.

■ ■ We would agree with the plaintiffs that the fact that the treatment given was "usual" or "customary" would not, of itself, preclude the possibility of either negligence or want of skill. It is entirely possible, as pointed out by the Supreme Court in the case of Darling v. Charleston Community Memorial Hospital, 33 Ill2d 326, 331, 211 NE2d 253, that what is the usual or customary procedure might itself be negligence. However, there was no evidence introduced, expert or otherwise, that Dr. Paynter's conduct was either unskillful or negligent and there was evidence that it was the usual course followed in an X ray of the stomach and digestive tract.

■ Likewise, there was a complete absence of proof that the thrombosed hemorrhoids and prolapse of the rectum were a result of the barium. Dr. Pemberton found barium in Lundahl's stool on November 12 but he did not

465

state that the barium had caused either the prolapse hemorrhoidal condition or the constipation. That determination would be a technical one and beyond the scope of a jury to make without the guide of expert testimony.

The plaintiffs' case against the hospital is based on their contention that the hospital was negligent in not communicating Mr. Lundahl's complaints of constipation to Dr. Paynter; by its failure to require consultation between Dr. Paynter and the members of the hospital staff; and by its failure to note Lundahl's complaints on his medical reports and progress charts.

The plaintiffs' brief states that Mr. Lundahl, during November 8, made numerous complaints to the nurses and other employees of the hospital of his constipation and extreme discomfort but to no avail. However, a careful reading of the record indicates that the purported conversations were not allowed as evidence against the hospital by the trial court. Mr. Lundahl was permitted to testify that he told Dr. Paynter that he had complained to the nurses of his condition but that testimony was properly excluded from his case against the hospital since no attempt was made to lay a proper foundation for its admission. No effort was made to establish when the complaints were made, to whom they were made or who was present at the time. The record is thus devoid of any evidence that the hospital was aware of Mr. Lundahl's constipation.

The plaintiffs cite the Darling case (ibid.) in support of their contention that the hospital was negligent in its failure to require consultation between Dr. Paynter and the members of its staff. In the Darling case, however, the treating physician was an employee placed by the hospital on emergency duty and subject to its supervision. Dr. Paynter was not employed by the hospital, was not an agent of it and not subject to its supervision. The decision to give a laxative or an enema is a medical question, according to the testimony of Dr. Paynter and

Dr. Pemberton, and was entirely within the discretion of the treating physician, not the hospital.

Since the medical reports and progress charts of the hospital are not included in the record, we are unable to consider that point raised by the plaintiffs.

We are in agreement with the trial court that the plaintiffs failed to introduce any proof to substantiate several essential elements in their case against both defendants and, therefore, affirm the judgment rendered.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.