(No. 83-CC-015⬛

DUFFIE S. CLARK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 2, 1984.*

*Order on motion for extension of time to file petition for rehearing filed October 24, 1984.*

DUFFIE S. CLARK, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

MONTANA, J.

.This is a claim brought by Duffie S. Clark (Claimant), a resident of Stateville Correctional Center, alleging dental malpractice as a result of dental treatment received by him at the correctional center.

On January 4, 1982, Claimant went to the dental clinic at the correctional center complaining of intense pain from a lower left wisdom tooth. That tooth had a sharp edge which penetrated his upper gum when he closed his mouth or ate and caused his gums to swell. This condition had existed for two days prior to his visit to the clinic.

At the clinic a dentist on duty, one Dr. Albertson, X-rayed the tooth and advised Claimant that it had to be removed. After giving Claimant an anesthetic, Dr. Albertson attempted to extract the tooth, which apparently fractured in Claimant's gum. Dr. Albertson worked on Claimant's tooth for 1½ to 2 hours and then told him to come back for examination a few weeks later.

Claimant then went back to his unit and went to sleep. When he awakened, he noticed that a piece of the tooth was protruding from his gum. This condition caused Claimant intense pain and discomfort continuously until his next appointment with Dr. Albertson on January 18, 1982.

When he next visited Dr. Albertson on January 18, 1982, an X ray was taken of his tooth. Claimant was told that the sharp edge he felt and pain he was experiencing was due to a sequester, a dead portion of bone, which

remained in his gum. He was advised by Dr. Albertson that this would loosen and fall out on its own. Although he requested some pain reliever, he was not given anything and instead was rescheduled for another appointment.

By January 20, 1982, Claimant was experiencing such severe pain that he obtained an emergency dental pass and went back to the clinic. He was examined by Dr. Verde at the clinic. Claimant informed Dr. Verde that he felt a piece of tooth protruding from his gum. Dr. Verde took another X ray of Claimant, and told him that it was just a piece of bone which, when it came loose, could be "flicked" out by Claimant. Dr. Verde prescribed Tylenol 3 for pain.

Two days later, still suffering from intense pain, Claimant went back to the clinic and was seen by Dr. Fleichman. Claimant told Dr. Fleichman that there was a piece of tooth protruding from his gum which was causing him pain. Dr. Fleichman cleaned Claimant's gum, packed it with gauze, and prescribed penicillin to alleviate the swelling.

On January 27, 1982, Claimant made yet another trip to the clinic where he was again examined by Dr. Verde. Dr. Verde X-rayed the tooth and told Claimant he was fine. When Claimant told Dr. Verde again about the piece of tooth protruding from his gum, Dr. Verde used an instrument and probed Claimant's gum. He acknowledged that there was something in the gum and tried to pull it out. When Dr. Verde could not extract the remaining piece, he broke it off, leaving still another piece in the gum. Claimant was then again told he was fine and he left.

From January 27, 1982, to March 30, 1982, Claimant

contined to experience intense pain, which caused him not to be able to work, eat or sleep. On February 16, 1982, he wrote a letter to the hospital clinic coordinator regarding his tooth. He received no response. Throughout this period of time, Claimant's jaw was swollen and he continued to take penicillin.

It was not until March 30, 1982, when Claimant obtained another emergency dental pass that surgery was performed and bone fragments in the gum were removed. Claimant endured almost three months of unnecessary suffering until this surgery was performed. Claimant thereafter received follow-up care at an oral surgeon in Joliet, and made several trips to this oral surgeon from April 6,1982, through April 19, 1982.

No expert dentist testified on behalf of Claimant. Ordinarily, it is necessary for a claimant in a malpractice action to establish by expert testimony that the physician or dentist was negligent in his treatment and that the injuries suffered by the claimant were a result of that negligence. *Piacentini v. Bonnefil* (1966), 69 Ill. App. 2d 433, 440, 217 N.E.2d 507; *Graham v. St. Luke's Hospital* (1964), 46 Ill. App. 2d 147, 156, 196 N.E.2d 355.

An exception to that rule has been established in cases of so-called "common knowledge" or "gross negligence" where the physician's or dentist's conduct is so palpably negligent or the treatment is so common that a layman could readily appraise it without expert testimony. *Lundahl v. Rockford Memorial Hospital Association* (1968), 93 Ill. App. 2d 461, 235 N.E.2d 671; *Scardina v. Colletti* (1965), 63 Ill. App. 2d 481, 488, 211 N.E.2d 762.

Here, we believe that the Court can infer negligence on the part of the dentists who treated Claimant because

the unrebutted testimony of Claimant establishes negligence so palpable that expert testimony was not necessary. Even a layman could infer from Claimant's testimony that the extraction was not complete, that a piece of tooth remained which should have been removed, and that had it been totally removed, as it should have been, Claimant would not have had the injury and experienced the pain he suffered. Accordingly, under these limited circumstances, we find that Claimant established a *prima facie* case of negligence.

Moreover, in finding the dentists negligent, we do not rely exclusively upon the permissible inference to be derived from Claimant's testimony under the so-called "gross negligence" or "common knowledge" exceptions described above. We also rely upon the inference to be derived from Respondent's total failure to call as witnesses any of the treating dentists or to present any evidence at all to rebut Claimant's evidence. Respondent was given more than ample opportunity to do so and the treating dentists were available and under Respondent's control. Further, Respondent did not and could not offer any reasonable explanation or excuse for its failure to present any of the treating dentists as witnesses. Under these circumstances, we are permitted to infer that had the treating dentists testified, their testimony would have been unfavorable to Respondent. *Fuery v. Rego Co.* (1979), 71 Ill. App. 3d 739, 390 N.E.2d 97; *Berlinger's Inc. v. Beef's Finest, Inc.* (1978), 57 Ill. App. 3d 319, 372 N.E.2d 1043.

Put another way, we can infer under these circumstances that the treating dentists would not have been able to contradict Claimant's testimony as to what occurred and that they would have had no explanation for their treatment of Claimant to rebut the inference of

negligence to be derived from Claimant's testimony alone in this case. If the treating dentists had favorable evidence to offer from Respondent's point of view, what a simple matter it would have been for Respondent to call them as witnesses. Having failed to do so, Respondent is bound by the reasonable inference that their testimony would have hurt Respondent's cause.

Accordingly, this Court finds that Respondent's dentists were negligent in their care and treatment of Claimant and that as a result of that negligence, Claimant was forced to undergo three months of unnecessary pain and suffering.

It is hereby ordered that judgment be and is hereby rendered on behalf of Claimant in the amount of five thousand dollars ($5,000.00).

## ORDER ON MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR REHEARING

MONTANA, J.

Respondent has moved for an order extending its time to file a petition for rehearing with respect to the judgment of this Court entered on July 2, 1984, and, assuming the Court grants such an extension, Respondent asks that the judgment be vacated due to Claimant's alleged failure to file a notice of intent to sue for personal injuries.

The Court observed that the Claimant's alleged failure to file a notice of intent to sue either was known or should have been known to Respondent since the time this case was commenced in this Court on August 9, 1982. The Respondent delayed bringing this alleged deficiency to the Court's attention for over two years.

In the meantime, a full hearing was held before a

commissioner. At the hearing on the merits, despite being given ample opportunity to do so, Respondent failed to produce any evidence to rebut Claimant's testimony concerning negligence, even though the treating dentists were available to testify and were within Respondent's control. Then, based on the hearing, this Court rendered an opinion and entered judgment in favor of Claimant. Then Respondent did not timely file a petition for rehearing within the 30 days allowed by the Court's rules.

Because of these cumulative circumstances, the Court denies Respondent's motion for an extension of time to file a petition for rehearing. Consequently, it is not necessary to address the alleged merits of Respondent's petition to vacate judgment. The Court's judgment of July 2, 1984, will stand.