ROBERT DIGGS, Plaintiff-Appellant, v. SUBURBAN MEDICAL CENTER *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—88—2516

Opinion filed November 17, 1989.

Hayes & Power, of Chicago (Margaret M. Power and David A. Novoselsky, of counsel), for appellant.

Ruff, Weidenaar & Reidy, Ltd., of Chicago (Charles E. Reiter III, of counsel), for appellee Nagabhu Koneru.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff Robert Diggs brought this medical malpractice action in the circuit court of Cook County against the defendants, Suburban Medical Center, Benjamin LeCompte, Frederick Locher, James B. Tully, and D. Waxler (Suburban Medical Center *et al.*). Plaintiff Diggs amended his complaint and added Dr. Nagabhu Koneru, an anesthesiologist, as a defendant. Dr. Koneru filed a motion for summary judgment which the trial court granted and found, pursuant to Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)), that there was no just reason to delay enforcement or appeal of the summary judgment. On this appeal plaintiff contends that the trial court erred in granting summary judgment to Dr. Koneru before the completion of discovery and that the trial court abused its discretion in finding that there was no just reason to delay enforcement or appeal of the summary judgment. We affirm.

The following facts are pertinent to our disposition. On March 23, 1982, plaintiff filed a medical malpractice complaint against Suburban Medical Center *et al.*, alleging that on or about October 27, 1981, the defendants, surgeons and a radiologist, "deviated from the appropriate standard of care, in failing to diagnose that sublaminar wires, surgically placed to reduce and hold [plaintiff's] cervical fractures, were pressing on his spinal cord resulting in quadriparesis." Almost a year later, on February 23, 1983, plaintiff amended his complaint, adding Dr. Koneru, an anesthesiologist, as a party defendant, and alleged that Dr. Koneru was negligent in various respects, including deviating from the applicable standard of care and in improperly administering anesthesia. Dr. Koneru answered the amended complaint on May 25, 1983, and denied plaintiff's allegations of negligence. Plaintiff filed additional amended complaints which in essence restated the allegations that had been made against Dr. Koneru in the first amended complaint. Dr. Koneru's denial responses to these amended complaints remained the same and discovery ensued.

On November 1, 1984, Dr. Koneru gave his discovery deposition and testified that the care he rendered to plaintiff was within the accepted standards of medical practice. Dr. Koneru then deposed Dr. Meyer, who was an orthopedic surgeon and who was also plaintiff's treating physician. Dr. Meyer testified on his deposition that he had no opinion of the care rendered by Dr. Koneru to plaintiff.

Neither of plaintiff's three expert witnesses, whom plaintiff intended to call at trial, criticized or offered an opinion on their deposition about the care rendered by Dr. Koneru to plaintiff. Plaintiff's first expert witness, Dr. Brooks, an orthopedic surgeon, testified on

his deposition that he had no "basis to feel that anesthesia played any role in" plaintiff's injury. Plaintiff's second expert witness, Dr. Stears, a neuroradiologist, testified on his deposition that "[f]rom the evaluation of others that I have read, I understand that now—from the orthopedist or the neurosurgeon, I understand that the anesthesia was not a problem here." Finally, plaintiff's third expert witness, Dr. Austin, a neurosurgeon, testified on his deposition that there was nothing to indicate that Dr. Koneru deviated from the acceptable standards of medical practice.

After the depositions of plaintiff's three expert witnesses, defendant Dr. Koneru filed a motion for summary judgment on March 29, 1988, on the ground that none of plaintiff's expert witnesses criticized or expressed any opinion that he deviated from the accepted standards of medical practice. Dr. Koneru attached his affidavit to his motion for summary judgment, which stated that the anesthesia care he rendered to plaintiff was well within the accepted standards of practice.

On May 23, 1988, plaintiff filed a motion pursuant to Supreme Court Rule 191(b) (73 Ill. 2d 191(b)),[1] requesting a continuance of the summary judgment hearing on the ground that a witness, Dr. Weinberg, was still being deposed and could offer an opinion critical of Dr. Koneru's care. Plaintiff also requested permission to again depose Dr. Koneru. On the same day that plaintiff filed the Rule 191(b) motion, Dr. Koneru filed an affidavit which stated that Dr. Weinberg had been deposed and that he did not offer an opinion about Dr. Koneru's treatment of plaintiff.

The trial court granted plaintiff leave to again depose Dr. Koneru and ordered plaintiff to file by July 5, 1988, his response to Dr. Koneru's motion for summary judgment. On July 5, 1988, plaintiff filed his response to Dr. Koneru's motion for summary judgment, without having redeposed Dr. Koneru, and without filing any opposing

---

[1]Supreme Court Rule 191(b) provides as follows: "If the affidavit of either party contains a statement that any of the material facts which ought to appear in the affidavit are known only to persons whose affidavits affiant is unable to procure by reason of hostility or otherwise, naming the persons and showing why their affidavits cannot be procured and what affiant believes they would testify to if sworn, with his reasons for his belief, the court may make any order that may be just, either granting or refusing the motion, or granting a continuance to permit affidavits to be obtained, or for submitting interrogatories to or taking the depositions of any of the persons so named, or for producing papers or documents in the possession of those persons or furnishing sworn copies thereof. The interrogatories and sworn answers thereto, depositions so taken, and sworn copies of papers and documents so furnished, shall be considered with the affidavits in passing upon the motion." 73 Ill. 2d 191(b).

affidavits to Dr. Koneru's motion for summary judgment. One week thereafter, on July 12, 1988, Dr. Koneru filed his reply to plaintiff's response. The trial court granted Dr. Koneru's motion for summary judgment on July 15, 1988, and made an express written finding, pursuant to Supreme Court Rule 304(a), that there was no just reason to delay enforcement or appeal of the judgment. On August 8, 1988, plaintiff filed a motion requesting the trial court to reconsider its order granting summary judgment to Dr. Koneru, or in the alternative, to strike the paragraph that contained the finding that there was no just reason to delay enforcement or appeal of the judgment. Plaintiff's motion for reconsideration or to strike was denied on August 11, 1988, from which plaintiff appeals. Plaintiff's suit is still pending in the trial court against the remaining defendants, Suburban Medical Center *et al.*, and they are not parties to this appeal.

Plaintiff contends on appeal that it was error for the trial court to prematurely grant summary judgment to defendant Dr. Koneru when the witnesses expected to be called by the remaining defendants had not been deposed and when discovery had not been completed. We disagree with these contentions.

■ It is well established in Illinois that in medical malpractice and other cases summary judgment is appropriate where there is no genuine issue of material fact. *Bennett v. Raag* (1982), 103 Ill. App. 3d 321, 431 N.E.2d 48; *Prather v. Decatur Memorial Hospital* (1981), 95 Ill. App. 3d 470, 420 N.E.2d 810; *Goldstein v. Kantor* (1981), 101 Ill. App. 3d 264, 427 N.E.2d 1322.

■ Under section 2—1005(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c)), summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (*Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 529 N.E.2d 552; *Johnson v. Matviuw* (1988), 176 Ill. App. 3d 907, 531 N.E.2d 970; *Bennett*, 103 Ill. App. 3d 321, 431 N.E.2d 48.) Moreover, a defendant may move for summary judgment at any time. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(b).) The purpose of summary judgment is not to try an issue of fact but to determine whether a triable issue of fact exists. (*Miller v. Smith* (1985), 137 Ill. App. 3d 192, 196, 484 N.E.2d 492, 495-96.) If, however, there are facts upon which reasonable persons may disagree, or if varying inferences could fairly be drawn from the facts, the motion for summary judgment must be denied and the resolution of these facts and inferences must be made at trial. (*Diamond Headache Clinic v. Loeber Motors, Inc.* (1988), 172 Ill.

App. 3d 364, 526 N.E.2d 599; *Amin v. Knape & Voght Co.* (1986), 148 Ill. App. 3d 1075, 500 N.E.2d 454; *Montes v. Hawkins* (1984), 126 Ill. App. 3d 419, 466 N.E.2d 1271.) Conversely, if the nonmovant fails to file affidavits in opposition to the motion for summary judgment, the trial court must take as true all assertions made in the movant's affidavit. The nonmovant risks entry of summary judgment when he fails to file counteraffidavits to rebut assertions made in the movant's affidavits. *Bennett,* 103 Ill. App. 3d 321, 431 N.E.2d 48.

■ In a medical malpractice case a plaintiff must present expert testimony to establish the applicable standard of care, that the defendant deviated from the applicable standard of care, and that the deviation resulted in plaintiff's injury. (*Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 297, 529 N.E.2d 552, 556, citing *Purtill v. Hess* (1986), 111 Ill. 2d 229, 241-42, 489 N.E.2d 867, 872.) Exceptions to the requirement of expert testimony at trial have been found to exist in cases in which treatment by the defendant is so common or the act so grossly negligent that a layman would be able to make a proper evaluation in light of his own experience and knowledge. *Purtill v. Hess* (1986), 111 Ill. 2d 229, 242, 489 N.E.2d 867, 872; *Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 256-57, 381 N.E.2d 279, 282.

■ In applying the foregoing principles to the case at bar, we believe that the trial court was correct and did not abuse its discretion in granting summary judgment to defendant Dr. Koneru.

The record reveals that the entry of summary judgment was not premature. The motion for summary judgment was granted more than six years after this case was initially filed. Plaintiff had ample opportunity during this six-year period to obtain an opinion critical of Dr. Koneru's care to raise a genuine issue of material fact, precluding summary judgment, but plaintiff failed to do so. All the witnesses who had been deposed, including plaintiff's own three expert witnesses, failed to question or offer opinions critical of the care defendant anesthesiologist, Dr. Koneru, rendered to plaintiff. Plaintiff's three expert witnesses, Drs. Brooks, Stears, and Austin, respectively, testified on their depositions that: "[I]t saw nothing in the record to indicate that there was any deviation on Dr. Koneru's part"; that "based on my review of the records, I find no basis to feel that anesthesia played any role in the patient's subsequent disability"; and that "I have no opinion of Dr. Koneru's care." Plaintiff's treating physician, Dr. Stears, also testified on his deposition that he had no opinion concerning the care rendered by Dr. Koneru.

There is no evidence in the record that Dr. Koneru deviated from the applicable standard of care or that anesthesia played any role in

plaintiff's quadriparesis. In fact, the deposition testimony of the expert doctors was to the contrary. Plaintiff filed a Supreme Court Rule 191(b) motion, stating that summary judgment should be denied because experts of the remaining defendants had not been deposed. Plaintiff, however, failed to state what difference the remaining defendants' expert witnesses' opinions or their testimony might be. The plaintiff had sufficient time to present expert testimony and in fact presented three doctor-experts who failed to criticize Dr. Koneru's care. It was the plaintiff's duty to present expert opinions of Dr. Koneru's negligence, and he cannot be heard to complain that the defendant failed to do it for him. *Addison*, 124 Ill. 2d at 299, 529 N.E.2d at 557.

The record also reveals that plaintiff failed to file affidavits in opposition to Dr. Koneru's motion for summary judgment, and thus, permitted the trial court to take as true all assertions made in Dr. Koneru's affidavit. In failing to file affidavits in opposition to Dr. Koneru's motion for summary judgment, plaintiff risked entry of summary judgment for Dr. Koneru. Even after the trial court granted summary judgment to defendant Dr. Koneru, plaintiff could have filed counteraffidavits in his motion to reconsider, but again plaintiff failed to do so.

■ This case is similar to many of the other decided cases where summary judgment was granted after plaintiff's expert witnesses failed to offer opinions critical of a defendant's care. (*Bennett v. Raag* (1982), 103 Ill. App. 3d 321, 431 N.E.2d 48; *Chiero v. Chicago Osteopathic Hospital* (1979), 74 Ill. App. 3d 166, 392 N.E.2d 203; *Lundahl v. Rockford Memorial Hospital Association* (1968), 93 Ill. App. 2d 461, 235 N.E.2d 671.) In the case at bar, like many of the other decided cases, it is incumbent on the plaintiff to substantiate his allegations through expert testimony in order to defeat a motion for summary judgment. The failure of a nonmovant in a medical malpractice case to bring forth experts, who will raise the necessary inferences sufficient to defeat a motion for summary judgment, is fatal and will result in the entry of summary judgment to the movant. If the plaintiff's own expert witnesses fail to criticize the care rendered by the defendant and the plaintiff fails to file counteraffidavits to the motion for summary judgment, the plaintiff cannot rely on the unknown testimony of the defendant's experts to defeat a motion for summary judgment.

■ Plaintiff further argues that summary judgment was premature and improper in view of the difficulty he experienced in obtaining experts to testify against Dr. Koneru. We are advised that, in

medical malpractice cases, it is difficult for plaintiffs to obtain medical experts to testify against one in the same profession (*Chiero v. Chicago Osteopathic Hospital* (1979), 74 Ill. App. 3d 166, 392 N.E.2d 203), but, in the case at bar, plaintiff encountered no such difficulties in obtaining expert witnesses. The record reveals that plaintiff obtained two experts to testify a year before the summary judgment hearing, while his third witness testified six months before the summary judgment hearing. Plaintiff could have contradicted defendant Dr. Koneru's summary judgment affidavit but he failed to do so.

For the foregoing reasons, the trial court's entry of summary judgment for defendant Dr. Koneru was proper.

■■ ■ Plaintiff next contends that the trial court abused its discretion when it made the express written finding pursuant to Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal of the judgment. We disagree. Supreme Court Rule 304(a) provides as follows:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is not subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 103 Ill. 2d R. 304(a).

Thus, where there are multiple parties and multiple claims for relief and final judgment disposes of one or more but fewer than all the parties and claims, then an appeal may be taken from the final order only if the trial court makes a finding pursuant to Supreme Court Rule 304(a) that there is no just reason for delay or appeal. (*Santana v. Zipperstein* (1986), 142 Ill. App. 3d 386, 491 N.E.2d 1231; *Pecora v. Szabo* (1982), 109 Ill. App. 3d 824, 441 N.E.2d 360.) The purpose of Rule 304(a) is to discourage piecemeal appeals and to remove the uncertainty which exists when a final judgment is entered on less than all the matters in controversy. (*Salyers v. Board of Governors* (1979), 69 Ill. App. 3d 356, 387 N.E.2d 1129; *Statistical Tabulating Corp. v.*

*Hauck* (1972), 5 Ill. App. 3d 50, 282 N.E.2d 524.) An order is final when it terminates litigation between all the parties on its merits or disposes of the rights of the parties' entire controversy. (*Peter Fischer Import Motors, Inc. v. Buckley* (1984), 121 Ill. App. 3d 906, 460 N.E.2d 346.) An order granting summary judgment is a final order. (*Atherton v. City of Champaign* (1966), 71 Ill. App. 2d 432, 218 N.E.2d 106.) Additionally and more importantly, a finding of appealability in less than all the issues in controversy is a matter of judicial discretion, and the finding will be reversed only if the trial court abused its discretion. See *Weber v. Northern Illinois Gas Co.* (1973), 10 Ill. App. 3d 625, 295 N.E.2d 41; *Statistical Tabulating Corp. v. Hauck* (1972), 5 Ill. App. 3d 50, 282 N.E.2d 524.

■ Applying the foregoing principles to the case at bar, we do not believe the trial court abused its discretion in finding that there was no just reason to delay enforcement or appeal of the summary judgment. The record reveals that the trial court deliberated and made a conscious decision before granting the Rule 304(a) finding that there was no just reason to delay enforcement or appeal of the summary judgment. The trial court stated as follows:

"THE COURT: Well, I'm pretty cautious when I give 304(a) language. *** I require that the party's involvement be disposed of before I will give 304(a) language. So I can't see how this would be an abuse. I mean, you are going to have a defendant that is going to have to attend all the depositions and incur all the expenses of trial preparation in a case that they have been dismissed from. I don't think that is fair to that defendant."

The Rule 304(a) enforcement-appeal finding was made after summary judgment was entered and after the litigation between Koneru and plaintiff had been terminated. Contrary to the plaintiff's argument, the trial court did not grant the Rule 304(a) finding "for the asking," nor was the Rule 304(a) finding granted routinely, as plaintiff suggests.

Accordingly, the trial court's order entering summary judgment for Dr. Koneru and its finding that there was no just reason to delay enforcement or appeal of the summary judgment are affirmed.

Affirmed.

COCCIA and LORENZ, JJ., concur.