SCHILLI LEASING, INC., Plaintiff-Appellant, v. FORUM INSURANCE COMPANY, Defendant-Appellee (Monroe Guaranty Insurance Company, Defendant).

First District (2nd Division) No. 1—92—3171

Opinion filed August 24, 1993.—Rehearing denied October 7, 1993.— Modified opinion filed October 12, 1993.

Williams & Montgomery, Ltd., of Chicago (James K. Horstman, Barry L. Kroll, Anthony P. Katauskas, and Lloyd E. Williams, Jr., of counsel), for appellant.

Sedgwick, Detert, Moran & Arnold, of Chicago (Elizabeth A. Pitrof, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff-appellant, Schilli Leasing, Inc. (Schilli), brought this action against its excess liability insurers, defendant-appellee, Forum Insurance Company (Forum) (the first-level excess liability insurer), and defendant Monroe Guaranty Insurance Company (Monroe) (the second-level excess liability insurer), seeking an "equitable reallocation" of the indemnifying insurance proceeds already paid by Forum three years previously in the defense and settlement of a multiple-fatality accident involving a Schilli truck and an automobile. Schilli's declaratory action attempted to establish as Forum's obligation the payment of certain defense expenses, which would reduce the amount of Forum's liability limits available for indemnity payments in equal measure, and attempted to cause Monroe to absorb the reallocated indemnity obligation. Schilli acknowledged full policy limit payments by Forum; however, it sought equitable reallocation of part of those payments to be applied to defense expenses which were covered under the Forum policy but not under the Monroe policy.

Forum's motion for summary judgment was granted. The court found that Schilli failed to prove that Forum breached its contract. Included among the issues for review are whether (1) the circuit court's ruling that Forum did not breach its contract addressed the wrong issue; (2) Forum breached its contract with Schilli; (3) the circuit court erred in entering summary judgment in favor of Forum; (4) the circuit court abused its discretion in making a Supreme Court Rule 304(a) finding (134 Ill. 2d R. 304(a) (Rule 304(a))); and (5) Forum's motion for sanctions should be granted.

The multiple-fatality accident which resulted in claims for damages being asserted against Schilli was settled for a total payment of $3,338,758.16. The cost of defending Schilli with respect to those claims was $69,711.34.

Forum, the first-level excess carrier at the time of the accident, provided its full umbrella liability insurance obligation to Schilli in the amount of $2 million over Schilli's $1 million primary coverage. Monroe, the second-level excess carrier at the pertinent time, provided excess umbrella coverage in the amount of $17 million over the Forum liability limits, under which Monroe paid $363,758.17.

The primary insurers, who are not parties to this suit, paid their full indemnity limits toward the settlement and also paid their *pro rata* share ($20,355.71) of the defense expenses. Forum paid nothing with respect to the outstanding defense expenses. Monroe's $363,758.17 payment toward the settlement of the claims against Schilli completed the funding of the settlement. Monroe paid nothing toward the remaining defense expenses.

The policy under which Forum made its payments included coverage to Schilli, in part, as follows:

"I. COVERAGE

The Company agrees to pay on behalf of the insured the ultimate net loss in excess of the retained limit hereinafter stated, which the insured may sustain by reason of the liability imposed upon the insured by law, or assumed by the insured under contract.

\* \* \*

III. DEFINITIONS

\* \* \*

3. 'ULTIMATE NET LOSS'.

'Ultimate net loss' means the total of the following sums with respect to each occurrence

\* \* \*

(2) All expenses \*\*\* incurred by the insured in the investigation, negotiation, settlement and defense of any claim or suit seeking such damages, excluding only the salaries of the insured's regular employees, provided 'ultimate net loss' shall not include any damages or expense because of liability excluded by this policy."

The Monroe policy, unlike the Forum policy, contained no obligation to pay defense costs, but provided as follows:

"The provisions of the immediate underlying policy are incorporated as part of this policy except for any obligation to investigate and defend and pay for costs and expenses incident to the same, the amount of the limits of liability, and the 'other insurance' provision and any other provisions therein which are inconsistent with the provisions of this policy."

Schilli's complaint against Forum and Monroe prayed for (1) a declaration that Forum is obligated to reimburse Schilli for outstanding defense costs in the amount of $49,755.63; (2) a reallocation of the $2 million payment made by Forum, reflecting $49,755.63 as payment for defense costs and $1,950,244.36 for payment toward the settlement; (3) a declaration that Monroe is obligated to pay $413,113.80 for payment toward the settlement, reflecting the $363,758.17 already paid by Monroe plus an additional $49,755.63 resulting from the reallocation of the payments made by Forum; and (4) any other relief deemed just and proper. Schilli sought no additional money from Forum in its complaint.

Forum resisted the reallocation and moved for summary judgment on the theory that Forum had fully performed its contractual obligations and that Schilli was estopped from requesting a reallocation. In support of its motion, Forum submitted the affidavit of the litigation manager of its claim department, Shelley Mason. The Mason affidavit stated that Forum received requests for settlement checks totaling $2 million from defense counsel representing Schilli on the accident claims and that Forum had issued payment drafts pursuant to those requests.

In opposition to Forum's motion, Schilli presented numerous legal arguments and sought to support factually its motion with the affidavit of Steven L. Hargis (Hargis affidavit), its risk manager. The Hargis affidavit averred that at all times during the course of the claim settlements Schilli's insurers were aware of the defense expense being incurred in the case. Hargis attested that he relied

on Forum in particular to preserve a sufficient amount of its liability limits to ensure Forum's payment of Schilli's defense expense, of which Forum had full notice.

In its reply brief, Forum submitted the affidavit of Forum assistant vice-president Judy H. Poskozim (Poskozim affidavit) to rebut the factual assertions made by Schilli. The Poskozim affidavit asserted that Forum had been unaware of the defense obligations under Schilli's other insurance policies and was unaware that unreimbursed defense expenses were incurred on Schilli's behalf.

At the hearing on Forum's motion for summary judgment, Schilli's counsel requested leave to depose the persons whose affidavits formed the factual bases for Forum's motion. He also argued that Schilli was not seeking additional money from Forum, but merely a "reallocation" of the payments made by Forum within the liability limits of its policy.

In granting Forum's motion for summary judgment, the court characterized Schilli's cause of action with respect to Forum as one sounding in breach of contract. The court ruled as follows:

"I didn't consider the affidavit. *** [I]t's a finding of the Court that there's no breach of contract. The limits of the policy were $2 million, that has been paid. And there will be—there's no [sic] duty beyond that. Motion for summary judgment is granted."

Schilli appeals. Monroe is not a party to this appeal.

I

Schilli initially asserts that the circuit court addressed the wrong issue in finding that Forum did not breach its contract. Schilli insists that its action against Forum was for equitable reallocation, not for breach of contract. Schilli points out that no additional money was sought from Forum; Forum still was to pay only the "ultimate net loss," which encompassed defense and settlement costs; and both Forum and Monroe acknowledged the existence of coverage for the accident which was the subject of the settlement.

Forum responds that Schilli has switched issues and that any controversy is between Schilli and Monroe, not Forum. Forum adds that Schilli cannot raise an equitable reallocation theory of recovery for the first time on appeal, where Schilli argued to the circuit court that the cause involved a breach of contract action.

Schilli maintains that reallocation should be allowed in order to maximize the excess insurance coverage which Schilli purchased and to prevent unjust enrichment of the upper level excess insurer.

Schilli contends that an insurer's performance of its contractual obligations does not determine whether equitable contribution or reallocation of insurance proceeds are appropriate. The terms of an insurance policy do not govern such an equitable action, according to Schilli, but principles of equity assertedly control. Since Forum's policy provides coverage for defense expenses, but Monroe's policy does not, and Forum allegedly knew that Schilli's primary insurance had exhausted its limits of liability and that unreimbursed defense expenses had been incurred on Schilli's behalf, Forum should have exercised good faith and fair dealing in its handling of the claim by reserving enough of its liability limits to pay for the remaining defense expenses. Instead of paying $49,755.63 of its ultimate net loss payment for defense expenses, Forum paid that amount toward the settlement. Schilli claims that by doing so, Forum left its insured with the burden of paying the remaining defense costs, the effect of which was alleged to be an unjust enrichment of Monroe at Schilli's expense inasmuch as Monroe thereafter had $49,755.63 less of indemnity payments to make than it otherwise would have.

■ Forum understandably questions Schilli's right to pursue the theory of equitable reallocation on appeal when Schilli did not do so in the circuit court, now claiming that the circuit court addressed the wrong issue in having found no breach by Forum of its contract. The theory of equitable reallocation was not articulated as such in Schilli's complaint. One of its prayers for relief did seek reallocation of Forum's indemnity payments, made three years before, to change the nature of the payment from indemnity to reimbursement of defense expenses; however, the basis for this claim was an alleged contractual obligation of Forum to make such a payment. Indeed, at argument on Forum's motion, Schilli's counsel advised the circuit court, "[t]his is a simple breach of contract action." A trial court cannot err in failing to decide an issue not presented to it for decision. *Downes Swimming Pool, Inc. v. North Shore National Bank* (1984), 124 Ill. App. 3d 457, 462, 464 N.E.2d 761.

Assuming, *arguendo*, that such a theory had been articulated and presented properly, Schilli's position nevertheless is without support. Schilli erroneously seeks to equate its equitable reallocation theory to an action for equitable contribution, an action recognized between co-insurers, which is not this case. (See, *e.g., Institute of London Underwriters v. Hartford Fire Insurance Co.* (1992), 234 Ill. App. 3d 70, 599 N.E.2d 1311 (*London Underwriters*); *Royal Globe Insurance Co. v. Aetna Insurance Co.* (1980), 82 Ill. App. 3d 1003, 403 N.E.2d 680.) The present action purports to

secure for an insured additional funds which it has no right to seek from a second company under the terms of its contract.

Further, assuming Forum had knowledge or could have learned that Schilli was incurring defense costs that could not be reimbursed under its Monroe policy, Forum had no cognizable right or duty to reserve its liability limits for payment of such defense costs because Schilli had expressly directed Forum to pay for the indemnity settlements, not for defense costs. See *London Underwriters*, 234 Ill. App. 3d 70, 599 N.E.2d 1311.

There is no basis upon which to disturb the effect of the circuit ruling on this point.

## II

Schilli next asserts that even if its action against Forum could be construed as one for breach of contract, the record is clear that Forum did so.

Specifically, Schilli claims that Forum's insurance policy required it to indemnify it for both defense costs and liability settlements, but Forum unilaterally chose to disregard its obligation to pay for defense costs, in violation of its implied duty of good faith and fair dealing. Pointing to the Hargis affidavit, Schilli asserts that Forum knew of the defense costs, as every insurer allegedly knows that the defense lawyers' bills necessarily follow the date that the settlement fund is paid.

■ Nothing in the instant policy provides for priority or preference in paying one type of ultimate net loss over the other. Significantly, in 1986 and 1987, Schilli expressly directed Forum to pay various claims in specific amounts from time to time, noting the need for prompt payment in order to assure successful settlements, the total account rising to the full $2 million limit of Forum's exposure. Forum was not duty obligated to maximize Schilli's insurance recovery from its various insurers. Such an imposed duty would have required Forum to "intermeddle" in Schilli's business, possibly affecting its relationship with others. *Hartford Accident & Indemnity Co. v. Gulf Insurance Co.* (7th Cir. 1985), 776 F.2d 1380, 1383; *Oda v. Highway Insurance Co.* (1963), 44 Ill. App. 2d 235, 253, 194 N.E.2d 489.

The circuit court did not err in this regard.

## III

■ Schilli next claims that the circuit court erred in entering summary judgment in favor of Forum, because Forum's defense

was that it did not know and had no reason to know of Schilli's partially unreimbursed defense cost expenses; however, the conflicting affidavits created a genuine issue of material fact as to this defense, precluding entry of summary judgment.

In opposition to Forum's motion for summary judgment, Schilli submitted Hargis' affidavit. Hargis asserted that Forum knew its own policies provided coverage for reimbursement of defense costs within its limits of liability. He also posited that Forum was aware of defense expenses incurred by Schilli which, when paid, would serve to reduce Forum's available limits for settlement purposes. Forum, in response, submitted its Poskozim affidavit. Poskozim stated that from the time Forum received Schilli's notice of claim through and during the time that Schilli's counsel requested and Forum issued a series of settlement drafts totalling $2 million, Forum did not possess copies of the other insurer's policies. She also asserted that Forum's claim file does not contain information showing that prior to Forum's payment of its $2 million policy limit, Forum was notified that Schilli had or was incurring defense expenses which were not being paid in full by Schilli's underlying liability insurer. Additionally, Poskozim stated that Forum's claim file does not contain any correspondence or record of a communication from Schilli or its counsel requesting Forum to pay defense expenses prior to Forum's payment of its $2 million policy limit.

The question of whether Forum should have known or determined the existence and terms of Schilli's insurance contracts with other insurers and then, based on that information, should have advised Schilli with respect to presenting claims to its insurers is one of law. (*Scarano v. Town of Ela* (1988), 166 Ill. App. 3d 184, 187, 520 N.E.2d 62.) The instant insurance contract imposes no such obligation. Neither party has cited any authority from which such a duty can be identified, nor have we found any.

Summary judgment was properly entered under the forgoing circumstances as well.

## IV

Schilli asserts that the circuit court abused its discretion when it entered a Rule 304(a) finding of appealability.

Schilli claims that the circuit court improperly severed that which cannot legally or logically be considered apart, asserting that just reason existed for the court to retain jurisdiction over the Forum judgment until the action was disposed of as to Monroe. Each

half of the case allegedly necessarily must be joined with the other to effect a complete reallocation as to either, Schilli urges.

Where there are multiple parties and multiple claims for relief, and final judgments dispose of one or more but fewer than all the parties' claims, an appeal may be taken only if the circuit court makes a finding pursuant to Rule 304(a) that there is no just reason for delaying enforcement or appeal. (*Diggs v. Suburban Medical Center* (1989), 191 Ill. App. 3d 828, 835, 548 N.E.2d 373.) The purpose of Rule 304(a) is to discourage piecemeal appeals and to remove the uncertainty which exists when a final judgment is entered on less than all the matters in controversy. (*Diggs*, 191 Ill. App. 3d at 835.) An order is final when it terminates litigation between all the parties on its merits or disposes of the rights of the parties' entire controversy. An order granting summary judgment is a final order. (*Diggs*, 191 Ill. App. 3d at 836.) Additionally, a finding of appealability in less than all the issues in controversy is a matter of judicial discretion, which will be reversed only for abuse of discretion. *Diggs*, 191 Ill. App. 3d at 836.

■■ Schilli's cause of action against Forum was not contingent upon a finding of liability against Monroe; therefore, the circuit court did not abuse its discretion. Further, we find no objection in the record made by Schilli with respect to this issue. There was no error here.

## V

■■ Forum seeks sanctions because Schilli's arguments on appeal lack sufficient merit and the appeal should be deemed frivolous. We cannot say on this record that the appeal, although decided adversely to Schilli, is frivolous, and therefore it does not warrant the imposition of sanctions.

For the reasons set forth above, the judgment of the circuit court must be affirmed.

Affirmed.

McCORMICK, P.J., and SCARIANO, J., concur.