2021 IL App (1st) 180243-U

THIRD DIVISION
September 29, 2021

No. 1-18-0243

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| LAKEISHA HOPKINS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 L 3613 |
| | ) | |
| BERMAN'S INFINITI OF CHICAGO, INC., | ) | Honorable |
| | ) | Catherine Schneider, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Justices Ellis and Burke concurred in the judgment.

**ORDER**

¶ 1     *Held*: Dismissal of plaintiff's complaint against defendant car dealership affirmed where plaintiff forfeited claim by failing to raise it before the trial court, and where plaintiff failed to provide a sufficient record to support her claims of error.

¶ 2     Plaintiff, Lakeisha Hopkins, *pro se*, appeals the dismissal of her complaint against defendant, Berman's Infiniti of Chicago, Inc. (Berman).

¶ 3     The record shows that on April 11, 2017, Hopkins filed a complaint against Nissan North America Inc. (Nissan), which is not a party to this appeal, and Berman. Hopkins alleged that she purchased a 2009 Infiniti vehicle from Berman in September 2010, and two years later, she "began

experiencing issues with the brake system." Hopkins detailed the actions she took to have the issues corrected, and stated that Berman had been unable to repair the vehicle. Hopkins sought a replacement vehicle that was not defective with a value of at least $41,998 plus tax.

¶ 4    On May 16, 2017, Nissan filed a motion to dismiss Hopkins's complaint. Nissan argued, among other things, that Hopkins's complaint must be dismissed because Hopkins had previously brought an action based on the same claims, and had entered into a settlement agreement with Nissan in which she released those claims. Specifically, Hopkins's prior lawsuit was filed in March of 2014, and related to alleged problems she was having with her 2009 Infiniti. Nissan asserted that Hopkins "settled her claims against Nissan when she entered into a release agreement titled, 'Settlement Agreement and Release,' " a copy of which was attached to the motion to dismiss, and that she agreed to release and forever discharge Nissan from any claim resulting or alleged to have resulted from the condition of her vehicle. In consideration for Hopkins's release of claims, Nissan agreed to pay Hopkins $2,372.42 in full satisfaction of any present and future claims against Nissan. The attached settlement agreement provided

> "LAKEISHA HOPKINS (hereinafter referred to as "Releasor"), in consideration of payment by NISSAN NORTH AMERICA ("Nissan") (including, but not limited to Infiniti USA), and its parent, subsidiaries, divisions, officers, representatives, employees, successors and assigns, hereby releases and forever discharges Nissan and its parents, subsidiaries, divisions, officers, representatives, employees, stockholders, dealers, successors and assigns, independent authorized dealerships, and all other persons, firms or corporations, who are or might be claimed to be liable (collectively, "Releasees"), of and from any claim, demand, right or cause of action for the recovery of damages for diminution in value, repair

costs, punitive damages, or any other economic or non-economic losses, \*\*\* resulting or alleged to have resulted, from the condition of Releasor's vehicle that was allegedly under an extended warranty effective January 4, 2014, \*\*\* and specifically including any and all claims or causes of action alleged in or to be inferred from allegations, or which could have been raised in the complaint \*\*\* filed in the Circuit Court of Cook County, under Case No. 2014-M1-112774. \*\*\*\*

In consideration for the release, Nissan agrees to the following conditions:

(a) Nissan agrees to pay Releasor a total of $2,372.42 in full satisfaction of any claims against Releasees.

\*\*\*

As consideration for the payment described in paragraph (2) above, it is also expressly agreed

\*\*\*

That Releasor shall not at any time hereafter commence, maintain or prosecute, or cause, encourage or advise to be commenced, maintained or prosecuted any action, suit, proceeding or claim based in whole or in part upon or arising out of or in any way connected with the subject vehicle and any of the matters released herein."

¶ 5     On May 12, 2017, Hopkins filed an amended complaint, framing her complaints under two causes of action: breach of an implied warranty and breach of a manufacturer's warranty.

¶ 6     On July 21, 2017, Hopkins voluntarily dismissed the complaint as to Nissan.

¶ 7    On September 6, 2017, Berman filed a motion to dismiss asserting that, as an Infiniti dealership, authorized and franchised by Nissan, Berman was a "Releasee" under the executed Settlement Agreement and Release and, therefore, the complaint against Berman should be dismissed as well.

¶ 8    On September 27, 2017, the court entered an order granting Berman's motion to dismiss and dismissing the case with prejudice, finding that Hopkins "had released [Berman] and [her claim] is further barred under the doctrine of *res judicata*."

¶ 9    On October 26, 2017, Hopkins apparently filed a motion that was docketed as a motion "to vacate, modify" although a copy of that motion does not appear in the record on appeal. Thereafter, on November 6, 2017, Hopkins filed an "Amended Motion for Reconsideration." In that motion, Hopkins argued that the court's order should be vacated because "parol[ ] evidence was not admitted into evidence." Hopkins attached copies of several emails purportedly sent at the time that she was negotiating the settlement agreement, and argued that those emails should be admitted to "prove the meaning or intentions of the contract." Hopkins further argued that the emails would have shown that an "extrinsic ambiguity" existed in the settlement agreement, and that the emails should be considered to "aid in the interpretation" of that contract.

¶ 10    On January 30, 2018, the court entered an order denying Hopkins's amended motion for reconsideration, finding "no new evidence, no ambiguity and no error in the entry of the prior dismissal order." That same day, Hopkins filed a notice of appeal from that order seeking reversal of the court order based on the trial court's "refusal to admit [Hopkins's] evidence into the record for consideration which place[d] [Hopkins] in [a] weak position to defend against [Berman's] argument."

¶ 11    At the outset of this appeal, we note that substantial portions of Hopkins's *pro se* appellate brief violate Illinois Supreme Court Rule 341 (eff. May 25, 2018). First, Rule 341(h)(2) requires an appellant to include "[a]n introductory paragraph stating (i) the nature of the action and of the judgment appealed from and whether the judgment is based upon the verdict of a jury, and (ii) whether any question is raised on the pleadings and, if so, the nature of the question." Hopkins's introductory paragraph is labeled "Background," and is essentially a two-page recitation of Hopkins's version of the events with no citations to the record. See Ill. S. Ct. R. 341(h)(2) (eff. May 25, 2018); see also *Artisan Design Build, Inc. v. Bilstrom*, 397 Ill. App. 3d 317, 321 (2009) (finding that a two-page introductory statement containing argument violates Rule 341). Additionally, Rule 341(h)(6) requires a statement of facts to be "stated accurately and fairly without argument or comment." Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018). Hopkins includes a section entitled "Statement of Facts," but it is purely argumentative, listing the ways in which Hopkins contends that the trial court erred. The argument section of Hopkins's brief also routinely asserts factual statements with no citations to the record. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). Finally, Hopkins failed to comply with Illinois Supreme Court Rules by not including an appendix containing, among other things, a table of contents of the record, a copy of the judgment appealed from, and the notice of appeal. Ill. S.Ct. R. 341(g) (eff. May 25, 2018); Ill. S.Ct. R. 342 (eff. July 1, 2017).

¶ 12    Our supreme court's rules governing appellate briefs are mandatory. *Hall v. Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 7. A party's failure to comply with the rules runs the risk that this court will strike the offending portions of a noncompliant brief, or, in rare cases, dismiss an appeal for serious rule violations. *Collier v. Avis Rent A Car System, Inc.*, 248 Ill. App. 3d 1088, 1095 (1993).

¶ 13    We observe that *pro se* litigants, such as claimant, are not entitled to more lenient treatment than attorneys. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. "*Pro se* litigants are presumed to have full knowledge of applicable court rules and procedures." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001); see also *Tannenbaum v. Lincoln National Bank,* 143 Ill. App. 3d 572, 574 (1986) ("Although [the] right to appear *pro se* is well established, it is equally well established that when [one] does appear *pro se,* [one] must comply with the established rules of procedure.").

¶ 14    Striking an appellate brief, in whole or in part, or dismissing an appeal, are harsh sanctions, and we will impose such sanctions only when the violations of the rules hinder our effective appellate review. *Hall,* 2012 IL App (2d) 111151, ¶ 15.

¶ 15    Although Hopkins violated several rules governing the proper preparation and filing of briefs, we decline to strike her brief or dismiss the appeal. In spite of those deficiencies, we are able to understand Hopkins's *pro se* appellate challenges, which generally fall into three categories. She contends that (1) the trial court erred in failing to "consider a fraudulent misrepresentation of fact when defendant submitted its copy of the settlement agreement"; (2) the trial court abused its discretion in "refusing to consider" and "improperly barr[ing]" certain evidence; and (3) the trial court erred in "ruling under the *res judicata* doctrine."

¶ 16    First, Hopkins asserts that the trial court erred in failing to "consider a fraudulent misrepresentation of fact when [Berman] submitted its copy of the settlement agreement." Specifically, Hopkins asserts that the copy of the settlement agreement provided by Berman and attached to its motion to dismiss was "fraudulent" and "was not the final agreed upon contract" that she executed in the prior proceeding.

¶ 17    We find nothing in the record to show that Hopkins raised an issue regarding the authenticity of the settlement agreement in the trial court. Hopkins did not file a written response to Berman's motion to dismiss, nor did she argue in her amended motion for reconsideration that the settlement agreement was not genuine. Issues raised for the first time on appeal are waived. *Haudrich v. Howmedica, Inc.,* 169 Ill. 2d 525, 536 (1996). "A trial court cannot err in failing to decide an issue not presented to it for decision." *Schili Leasing, Inc. v. Forum Insurance Co.,* 254 Ill. App. 3d 731, 746 (1993). By failing to raise a claim regarding the authenticity of the settlement agreement in the trial court, Hopkins has waived that argument on appeal. *Haudrich,* 169 Ill. 2d at 536.

¶ 18    Next, Hopkins contends that the trial court improperly refused to consider certain evidence, specifically, a series of emails which she contends "substantiat[ed] [her] testimony that [Berman] was using a fraudulent copy" of the settlement agreement. Hopkins further contends that the emails were evidence of the "negotiation process that occurred with [Berman's] parent company in the previous suit to reach a mutual agreement" and additionally, that the emails "served as probative evidence to show the intent of the final version of the contract language."

¶ 19    As an initial matter, this court can find nothing in the record to support Hopkins's claim that the trial court refused to consider the emails that were attached to her amended motion to reconsider. There are no written evidentiary rulings in the record on appeal, and there is no report of proceedings or acceptable substitute to reveal what occurred at the hearing on Berman's motion to dismiss or on Hopkins's motion to reconsider.

¶ 20    It is Hopkins's duty, as the appellant, to supply the reviewing court with a sufficient record of the trial court proceedings to support her claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). If a complete record is unavailable, the reviewing court must presume "that the

order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. Any doubts arising "from the incompleteness of the record will be resolved against the appellant." *Id.*

¶ 21    Nonetheless, even accepting Hopkins's claim that the court declined to consider the emails attached to her amended motion to reconsider, the record reveals an entirely appropriate reason why the trial court would do so. "The parol evidence rule generally precludes evidence of understandings not reflected in the contract, reached before or at the time of the execution which would vary or modify it[s] terms." *W.W. Vincent and Company v. First Colony Life Insurance Company,* 351 Ill. App. 3d 752, 757–58 (2004). Under the parol evidence rule, extrinsic or parol evidence concerning a prior or contemporaneous agreement is not admissible to vary or contradict a fully integrated writing. This rule is premised on the understanding that "it would be unsafe, when the parties have expressed the terms of their contract in writing, to admit weaker evidence to control and vary the stronger and to show that the parties intended a different contract from that expressed in the writing." *National Bank & Trust Co. of South Bend v. Becker*, 38 Ill. App. 2d 307, 311 (1962).

¶ 22    A trial court's decision regarding whether to admit evidence is reviewed for an abuse of discretion. *Sharbono v. Hilborn*, 2014 IL App (3d) 120597, ¶ 29 *as modified on denial of reh'g* (June 11, 2014). The threshold for finding an abuse of discretion is high and will be overcome only where the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court. *Id.* Even assuming that the trial court refused to consider Hopkins's proposed evidence, we can find no abuse of discretion in that decision in light of the parol evidence rule.

¶ 23    Finally, Hopkins contends that the trial court erred in "ruling under the *res judicata* doctrine." We note however, that the trial court provided two bases on which dismissal was proper. First, because Hopkins "had released [Berman]" pursuant to the settlement agreement, and second, because her claim was "further barred under the doctrine of *res judicata*."

¶ 24    Other than Hopkins's two arguments regarding the authenticity of the settlement agreement and the trial court's failure to consider her proposed evidence—both of which this court rejected above—Hopkins has provided no other basis to set aside the trial court's conclusion that the settlement agreement released and barred her claims against Berman. It is well settled that we may affirm on any basis appearing in the record. *Benson v. Stafford,* 407 Ill. App. 3d 902, 912 (2010). Because we find no basis on which to conclude that the court's determination as to the release was improper, we may affirm the trial court's dismissal on that basis alone. As a result, we need not address the trial court's alternative ground for dismissing the action pursuant to *res judicata*. *McNeil v. Carter*, 318 Ill. App. 3d 939, 944 (2001) ("We need not address the viability of the alternative grounds upon which the trial court may have relied in dismissing the complaint.").

¶ 25    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 26    Affirmed.