Marchs G. Christ, J.
This is an article 78 proceeding brought to review a determination of the Board of Appeals of the Village of Garden City. The determination to be reviewed affirmed a *722 decision of the building inspector of such village that a porch erected on the rear of the petitioner’s dwelling violated the provisions of Zoning Ordinance No. 29 of such village in that by erecting such porch the maximum permissible lot coverage of 25% was exceeded.
The premises of the petitioner are located in an R-6 Residence District under Zoning Ordinance No. 29 of the Village of Garden City. The provisions of section 500 of article V of snch ordinance prescribe that the maximum percentage of coverage of plot by the building area of all buildings in an R-6 Residence District is 25% of such plot. The diagram annexed to the petitioner’s notice of appeal shows that the plot owned by the petitioner has an area of 8,900 square feet. Thus, the maximum permitted building area of said plot under the zoning ordinance is 2,225 square feet. In 1954 there was erected on petitioner’s plot a one-story dwelling having an area of 2,215.34 square feet which was within the 25% limitation prescribed by the applicable portions of the zoning ordinance. Subsequently and some time prior to November, 1955 the petitioner without previously obtaining a building permit or making an application to the Board of Appeals for a permit, erected or caused to be erected at the rear of his building a structure which may be described as a metal roof or awning known by the trade name of 1 ‘ Koolvent Metal Awning ”. This metal covering or awning is attached to the petitioner’s dwelling by bolts and provides an overhead covering above an area which the petitioner calls a patio. The area of this structure is 240 square feet.
On November 4, 1955 the building inspector of the village notified the petitioner in writing that this structure, referred to in the building inspector’s letter as a “ porch ”, was in violation of the zoning ordinance. This notification pointed out that the petitioner was permitted a maximum lot coverage of 25% which included, among other things, a garage, porch and roof overhangs exceeding 2 feet. The notification further stated that the village records showed that petitioner’s dwelling was erected on a plot of 89 feet by 100 feet which equalled 8,900 square feet. That 25% maximum plot coverage would give the petitioner 2,225 square feet of possible coverage. That a survey filed in the Department of Public Works showed a total coverage, without the “ porch ” in question as 2,220 square feet. The petitioner was notified that unless within 10 days of the receipt of such notification the “porch” was removed, the petitioner would be subject to a summons and a fine as prescribed by law.
The petitioner appealed from the building inspector’s ruling by filing a notice of appeal dated December 22, 1955 to the *723 Board of Appeals. The appeal was heard by such board on January 10,1956 and the board rendered its decision sustaining the building inspector and denying the petitioner’s appeal on January 13,1956. In this proceeding two questions are presented for determination by the court. These are (1) whether the area of the structure erected by the petitioner must be included in determining the building area of petitioner’s building under the provisions of the zoning ordinance and (2) whether the Board of Appeals may grant a permit for the maintenance of such structure when it violates the minimum rear yard requirements prescribed in the zoning ordinance.
The court is of the opinion that the zoning ordinance requires that the structure in question be included in computing the building area of the petitioner’s building. Subdivision 4 of section 200 of the zoning ordinance defines “ building area ” as the maximum horizontal projected area of a building and its accessory buildings. For purposes of the zoning ordinance the word “ building ” includes the word “ structure ” (§ 200, subd. 1). In subdivision 23 of section 200 the term “ structure ” is defined as “ any combination of materials forming any construction and including, among other things * * * porches ”. In this proceeding there appears to be some dispute between the parties whether the structure in question is, as contended by the respondent, a “ porch ” or a “ patio ” covered with a metal awning, as contended by the petitioner. Subdivision 9 of section 200 defines two types of porches. An “ enclosed porch ” is defined as any porch, veranda, gallery, terrace, piazza, portico or similar common projection from a main wall of a building, if covered by a roof and fully enclosed without side walls having window sash with permanently built-in window frames. Any other porch, by the provisions of this subdivision, is to be deemed an “ unenclosed porch ”. In view of the foregoing definition it seems clear that what the petitioner has constructed constitutes an “ unenclosed porch”. It is likewise clear that the scope of the term ‘1 structure ’ ’ as defined in the zoning ordinance is broad enough to include what the petitioner has constructed even if the definition of the word “ structure ” did not specifically include “ porches ” whether enclosed or unenclosed.
There are two contentions on the part of the petitioner which require mention. The first of these is that since under subdivisions 10 and 13 of section 200 the area of unenclosed porches does not have to be included in computing floor area ratio and livable floor area, the area of an unenclosed porch should also be excluded in computing the maximum building area. This is *724 without merit. The subdivisions relied upon by the petitioner have reference only to those provisions of the zoning ordinance having to do with living area whereas the term “ building area ” relates to the maximum percentage of a plot which may be covered by a building and its accessory buildings. The second contention on the part of the petitioner is that porches covered by cloth awnings are not included in computing the maximum building area. The court agrees with the respondent’s position that the record in this proceeding contains no evidence to support this contention except for statements to that effect made in the petitioner’s notice of appeal and by his counsel at the hearing before the Board of Appeals. Under the language of the ordinance all porches, whether covered by cloth awnings or metal covers, are required to he included when computing the maximum building area. It is also to he noted that although petitioner’s counsel referred to the existence of cloth awnings, there is nothing in the record to indicate that the existence of such cloth awnings caused the buildings to which they were affixed to exceed the maximum permitted building area. If petitioner’s interpretation of the provisions of the ordinance were to be adopted, then a property owner could erect an unenclosed porch with metal or cloth covering without restriction and do so even to the extent of covering the entire side or rear yard with such a structure. No such result could reasonably be intended by those who enacted the ordinance in question. Finally, it is to be noted that under the provisions of section 500 of the zoning ordinance buildings in an R-6 Residence District are required to have a minimum rear yard of 25 feet. Section 706 prescribes that such rear yard shall he open and unobstructed from the ground upward. The diagram annexed to the petitioner’s notice of appeal shows that the addition which he has made to his building violates such rear-yard requirement.
The court finds that the petition fails to state facts sufficient to entitle the petitioner to the relief sought and it is accordingly dismissed without costs.
Submit order.