TED PECORA, Plaintiff-Appellant, *v.* FRANK SZABO, JR., *et al.*, Defendants-Appellees.

Second District   No. 82—69

Opinion filed October 6, 1982.

Gerald M. Sheridan, Jr., of Wheaton, for appellant.

Joseph M. Laraia, of Laraia & Kilander, of Wheaton, for appellees.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Plaintiff, Ted Pecora, brings this appeal from an order of the circuit court of Du Page County entered January 22, 1982, ordering that execution issue against plaintiff and his bonding company, Hanover Insurance Company, in the amount of $15,594.56.

In 1973, the plaintiff filed a multi-count, amended complaint seeking various money judgments against the defendants, Frank Szabo, Jr., John Schultz, and Modern Car Wash Systems, Inc. In response, the defendants filed several counterclaims. Jury verdicts were entered on the numerous claims and counterclaims of the parties. The net effect of those verdicts was that the total amount of damages awarded the defendants exceeded the money judgments entered in behalf of the plaintiff. Thereafter, the plaintiff filed a notice of appeal and posted a $25,000 appeal bond by which he and the surety obligated themselves to pay the defendants "any part of the judgment which is not reversed" on appeal. The first appeal followed.

In the first appeal, this court affirmed all of the various judgments entered on the verdicts of the jury. However, the court also reversed and remanded for further proceedings the trial court's granting of a directed verdict in favor of the defendants on count I of the plaintiff's amended complaint. See *Pecora v. Szabo* (1981), 94 Ill. App. 3d 57.

After the filing of the mandate of this court in the trial court, the defendants moved the trial court to set count I of the plaintiff's complaint for trial and requested that the court enter an order of execution against the plaintiff's appeal bond. The trial court heard oral argument on the motion on two separate occasions. At one of the hearings, the plaintiff argued that because plaintiff's count I was still pending, the trial court could not enforce the affirmed judgments and enter execution without first making a specific finding, as required by Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)), that there was no just reason for delaying enforcement of the judgments. In response to this argument, the court remarked that it did not believe the 304(a) finding was necessary to enforce a judgment affirmed on appeal. On January 22, 1982, the court ordered that execution issue against plaintiff and his bonding company Hanover Insurance Company in the amount of $15,594.56.

■ Initially, the plaintiff contends that the enforcement of the affirmed judgments is "inherently unfair." The plaintiff has failed to cite any authority in support of this contention, and plaintiff's argument of only three pages gives us little assistance in our consideration of this issue. A reviewing court is entitled to have the issues clearly

defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research. (*Williamson v. Opsahl* (1981), 92 Ill. App. 3d 1087, 1089; *In re Estate of Kunz* (1972), 7 Ill. App. 3d 760, 763.) Under such circumstances, the reviewing court may deem waived those issues which have not been sufficiently or properly presented. *Williamson v. Opsahl* (1981), 92 Ill. App. 3d 1087, 1089.

The plaintiff's other contention is that absent a 304(a) finding that there is no just reason to delay enforcement or appeal, the trial court lacked jurisdiction to enforce the affirmed judgments. The plaintiff asserts that the limited remand for further proceedings on count I places this case in the posture of an action in which there has not been a final judgment with respect to all of the claims involved in the lawsuit, and, therefore, the provisions of Rule 304(a) are applicable. We disagree.

Supreme Court Rule 304(a) provides as follows:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 73 Ill. 2d R. 304(a).

Rule 304(a) governs cases involving multiple claims in which a final judgment or decree determines one or more but fewer than all the rights and liabilities at issue. In such circumstances, the rule requires an express written finding that there is no just reason for delay in enforcement or appeal of the resolved claims in order for these claims to be appealable. The intent of Rule 304(a) is to discourage piecemeal appeals in the absence of just reason and to remove the uncertainty which exists when a final judgment is entered on less than all the matters in controversy. (*Ariola v. Nigro* (1958), 13 Ill. 2d 200, 207; *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 630.) Under this rule, where the trial court's order does not incorpo-

rate the requisite finding, no appeal is permissible; moreover, the judgment may not be enforced, and it is subject to revision by the trial court at any time prior to the entry of a judgment adjudicating the entire matter. See *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 630, and cases cited therein.

■ While the plaintiff correctly notes that in this case there has not been a final judgment as to all of the claims, he fails to note that those claims which have been reduced to final judgments have been duly affirmed on appeal with no remandment. If Rule 304(a) were applicable, those affirmed judgments would be "subject to revision at any time before the entry of a judgment adjudicating all of the claims, rights and liabilities of all the parties." (73 Ill. 2d R. 304(a).) Rule 304(a) cannot be applicable, for, as to those judgments, the trial court is bound by the decision and mandate of the reviewing court. (See 73 Ill. 2d R. 369; *Fiore v. City of Highland Park* (1968), 93 Ill. App. 2d 24, 34, *cert. denied* (1969), 393 U.S. 1084, 21 L. Ed. 2d 776, 89 S. Ct. 867.) A reading of Rule 304(a) in its entirety makes evident that it was not intended to apply to final judgments which have been appealed and affirmed by the appellate court without remandment and we so hold. Under Supreme Court Rule 369(b), after the mandate was filed, jurisdiction was once again vested in the circuit court, and when the judgment is affirmed, execution on the judgment may issue and other proceedings in aid thereof may be conducted as if no appeal had been taken. *Rhodes v. Sigler* (1976), 44 Ill. App. 3d 375, 377.

Because the plaintiff has failed to demonstrate how the trial court erred in enforcing the affirmed judgments, the trial court's order of January 22, 1982, is affirmed.

Affirmed.

SEIDENFELD, P. J., and LINDBERG, J., concur.