MARIE WARREN, Plaintiff-Appellant, v. ZONING BOARD OF APPEALS OF THE CITY OF FAIRFIELD *et al.*, Defendants-Appellees.

Fifth District   No. 5—92—0831

Opinion filed January 4, 1994.

Gerald Warren, of Anderson & Preuss, of Clayton, Missouri, for appellant.

Fyie & Hawkins, of Fairfield (Jay H. Fyie, of counsel), for appellee Zoning Board of Appeals of City of Fairfield.

Michael J. Molt, of Law Offices of Morris Lane Harvey, of Fairfield, for appellees Leo Doty and Lea Doty.

JUSTICE CHAPMAN delivered the opinion of the court:

Marie Warren appeals from a judgment entered by the trial court affirming the Fairfield Zoning Board of Appeals' decision to rescind a permit issued to Warren to place a mobile home on a lot located within the City of Fairfield (City). We affirm.

Warren owns two contiguous lots, lots 25 and 28, in the John Vaughn Addition in the City of Fairfield. Each lot contains 7,500 square feet. On October 22, 1991, plaintiff applied for a permit from the City to place a mobile home on lot 28. At the time her application for a permit was filed, a small house improved lot 25 and a mobile home improved lot 28. The City zoning officer approved plaintiff's application. On October 30, 1991, Leo and Lea Doty filed a complaint with the City Zoning Board of Appeals (Zoning Board) and asked for reversal of the decision of the zoning officer and a recall of said permit. On November 1, 1991, the plaintiff filed a request with the zoning officer to combine lots 25 and 28 to satisfy the acreage requirements for zoning purposes. The Zoning Board rescinded the permit previously issued to Warren. Warren appealed the decision of the Zoning Board to the circuit court. After a hearing, the circuit judge entered judgment in favor of the defendants and against the plaintiff. Warren appeals to this court.

For her first issue, Warren argues that the trial court erred in affirming the decision of the Zoning Board which precluded plaintiff from tacking two contiguous lots to satisfy the acreage requirements of the Fairfield Municipal Zoning Code.

Section 28.04.030 of the Fairfield Municipal Zoning Code (the Code) provides:

> "*Open Space and Height.* In each zone district *each structure* erected or altered shall be provided with the yards specified, *shall be on a lot of the area and width specified,* and shall not exceed the heights specified in the zoning schedule, Chapter 28.12. *No open space or lot required for a building or structure shall during its life be occupied by or counted as open space for another building or structure.*" (Emphasis added.) (Fairfield Municipal Zoning Code §28.04.030 (1988).)

Section 28.20.080 provides:

> "*Lot.* For zoning purposes, as covered by the ordinance, *a lot is a parcel of land of at least sufficient size to meet minimum zoning requirements* for use, coverage and area, and to provide such yards and other open spaces as are herein required. *Such*

*lots shall have frontage on an improved public street*, and may consist of:

    a) a single lot of record;

    b) a portion of a lot of record;

    c) a combination of complete lots of record, of complete lots of record and portions of lots of record, or of portions of lots of record;

    d) a parcel of land described by metes and bounds; provided that in no case of division or combination shall any residential lot or parcel be created which does not meet the requirements of this ordinance." (Emphasis added.) (Fairfield Municipal Zoning Code §28.20.080 (1988).)

Section 28.12.030 of the Code sets forth pertinent lot and unit requirements within the City's R-3 zoning district: lot width of 50 feet, and lot area of 6,000 square feet for the first unit and 2,000 square feet for each additional unit. Fairfield Municipal Zoning Code §28.12.030 (1988).

Lots 25 and 28 are located within an R-3 zoning district. Each lot contains 7,500 square feet, and each lot is 150 feet in length and 50 feet in width. Plaintiff points out that there has to be 6,000 square feet for the first unit and 2,000 additional square feet for each additional unit placed on a lot. She contends that if permitted to tack lots 25 and 28, she would have the space necessary to accommodate three units. Warren argues that it was error not to allow her to tack the lots because the ordinance does not prohibit the tacking of such tracts.

The order of the trial judge provides in pertinent part:

"The Fairfield Zoning Ordinance contemplates 'tacking,' where necessary, to meet the minimum zoning requirements for use, coverage, and area, as applied to adjacent lots held in single or common ownership. Lot is defined as a combination of complete lots of record.

However, 'tacking' is not contemplated by the Fairfield Zoning Ordinance if the open space or lot sought to be 'tacked' is required to meet minimum zoning requirements for an existing building or structure. Open space or lot requirements in an R-3 district include a lot width of 50 feet.

The dwelling on Lot 25 and the mobile home on Lot 28 each require a lot width of 50 feet. Lots 25 and 28 are each 50 feet in width. Accordingly, no lot width is available to 'tack' for any additional unit on Lot 25 or Lot 28 for the reason that a lot width of 50 feet is required for the dwelling on Lot 25 and a lot

width of 50 feet is required for the mobile home on Lot 28; such open space or lot shall not be occupied by or counted as open space for an additional unit on Lot 25 or Lot 28, according to the Fairfield Zoning Ordinance."

Rules of construction which apply to statutes also apply to ordinances. The construction of a zoning ordinance is a question of law, and the reviewing court may make an independent determination of questions of law. (*Constantine v. Village of Glen Ellyn* (1991), 217 Ill. App. 3d 4, 16, 575 N.E.2d 1363, 1371.) A statute or ordinance must be construed to give it efficient operation and effect as a whole. (*American National Bank & Trust Co. v. Village of Arlington Heights* (1983), 115 Ill. App. 3d 342, 344, 450 N.E.2d 898, 901.) The legislative intent must be gathered from the entire act rather than from one clause, sentence, or section thereof, and courts may not confine their attention to the one part or section to be construed. *American National Bank*, 115 Ill. App. 3d at 344, 450 N.E.2d at 901.

■ When a party seeks to avoid the general application of an ordinance and seeks to become an exception, it is incumbent upon the party to prove those facts which would bring it within the defined exception. (*Constantine*, 217 Ill. App. 3d at 22, 575 N.E.2d at 1376.) Warren's theory is that tacking of lots 25 and 28 forms a lot for zoning purposes with sufficient size to meet the zoning limitations of an R-3 zoning district and to support the placement of an additional structure on lot 28. Plaintiff's theory takes into account section 28.20.080 of the Code. However, if one also considers sections 28.04.030 and 28.12.030, it is apparent that, when a lot of record is improved with a previously existing structure it cannot be counted as part of the open space required for placement of an additional structure in the zoning district during the life of the previously existing structure. Thus, where lots 25 and 28 are already improved with an existing structure, tacking or combining such lots for zoning purposes frees no open space for use by another structure.

■ Furthermore, plaintiff's idea of creating one lot by tacking lots 25 and 28 ignores the language of section 28.12.030, which requires that each structure be on a lot that is 50 feet wide with frontage on an improved public street. Lots 25 and 28 are each 50 feet wide, and while they meet minimum lot width requirements, there is no additional width available to tack for the purpose of adding an additional structure. Warren contends that it is error for the trial court to consider the factor of lot width as this point was never raised by the defendants nor was it discussed at the hearing of the Zoning Board.

Plaintiff cites *Herren v. Zoning Board of Appeals* (1972), 4 Ill. App. 3d 342, 280 N.E.2d 463, in support of her proposition that the trial court went beyond matters considered by the zoning board of appeals in making its decision. In *Herren*, the trial court affirmed the decision of the zoning board of appeals to deny a special exception under the zoning ordinance. The zoning board found that the applicant for the special exception failed to meet two of four ordinance requirements for a special exception. On review, the trial court found the record showed the applicant failed to meet all four of such ordinance requirements for a special exception. The appellate court noted that the determination of whether the applicant met the ordinance requirements for a special exception was a matter of discretion with the zoning board, which, therefore, limited the review of the trial court to whether the findings of the zoning board on those two ordinance requirements were against the manifest weight of the evidence. The appellate court noted that the trial court should not have considered applicant's noncompliance with other zoning requirements for a special exception. *Herren*, 4 Ill. App. 3d at 348, 280 N.E.2d at 467.

*Herren* does not support the plaintiff's contention that the trial court in this case acted beyond the scope of its authority under the Administrative Review Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—101 *et seq.* (now 735 ILCS 3—101 *et seq.* (West 1992))). First, the Zoning Board denied the plaintiff's request for placement of a "mobile home in an R-3 residential district on lots 25 and 28 in John Vaughn's addition, because of size of lot and not meeting requirements." Lot width is encompassed by such findings and decision. The size and requirements refer to an R-3 zoning district, and among such requirements are lot width. Second, *Herren* does not involve ordinance construction but the weighing of disputed facts presented to the zoning board. In this case, no facts need be weighed by either the Zoning Board or the trial court. Both merely construed the ordinance to the undisputed facts. Both reached the same conclusion. The trial court at no time substituted its judgment or discretion for that of the Zoning Board.

We find plaintiff's argument that the trial court exceeded its authority to be without merit, because it is the responsibility of this court as well as the trial court, in reviewing findings and conclusions of the Zoning Board, to evaluate *all* of the evidence to determine whether the board's findings were against the manifest weight of the evidence. (See *Environmental Protection Agency v. Pollution Control Board* (1986), 115 Ill. 2d 65, 70, 503 N.E.2d 343, 346.) A reviewing court is not to make an independent determination of the facts; its sole function is to ascertain whether the findings of the administrative

agency are contrary to the manifest weight of the evidence. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 391, 469 N.E.2d 1085, 1088.) In making its decision, the trial court reviewed the evidence before the Zoning Board, including the Fairfield Municipal Zoning Code, which was indeed submitted as evidence before the Zoning Board. The basis for the court's interpretation of the zoning ordinance lies within the record on appeal. We can find no error in the court's consideration of the zoning ordinance, namely, that section dealing with lot width, in reaching its decision.

■ The trial court concluded that lots 25 and 28 cannot be combined for zoning purposes to create a lot meeting minimum requirements in an R-3 zoning district for each of the three separate structures. On administrative review, the authority of the trial court and appellate court is limited to determining whether the findings and orders of an administrative agency are against the manifest weight of the evidence and whether the administrative agency acted arbitrarily and without cause or in clear abuse of discretion. (*Wilde-Hammar, Inc. v. Connor* (1991), 216 Ill. App. 3d 660, 665, 576 N.E.2d 444, 447; see also *Launius v. Board of Fire & Police Commissioners* (1992), 151 Ill. 2d 419, 603 N.E.2d 477.) Upon review of the record, the facts, and the Fairfield Municipal Zoning Code, we cannot find that the decision of the trial court affirming the determination of the Zoning Board, rescinding the plaintiff's permit, was against the manifest weight of the evidence.

Plaintiff next argues that the trial court erred in failing to address the issue of constitutionality raised in count II of her complaint. Count II provides in full as follows:

"Defendant avers that the act by plaintiff of placing the mailer [*sic*] on Lot 28 constituted a non-conforming use and if this is true, which plaintiff does not necessarily admit, a non-conforming use is still a property right of which the owner cannot be unreasonably and arbitrarily deprived and it is unreasonable and unconstitutional for the defendant to require immediate cessation of a non-conforming use which is otherwise lawful. Any attempt to deprive plaintiff of the pre-existing use is generally regarded as unconstitutional as a taking of private property without compensation and without due process of law."

While it appears in plaintiff's brief that plaintiff is appealing from the court's refusal to decide the issue as to whether Warren's trailer is a nonconforming use, plaintiff's argument strays to a discussion of why she could not attend the Zoning Board hearing and why she believes the proceedings before the Zoning Board were insufficient.

■ Defendant's responsive brief maintains that the record is devoid of any notion that constitutional issues were ever raised before the Zoning Board, and our review of the record confirms this. Plaintiff's argument that the court erred in not addressing the constitutional issue in this case is an obscure discourse which vaguely asserts a constitutional claim, which this court need not address. A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research. (*Pecora v. Szabo* (1982), 109 Ill. App. 3d 824, 826, 441 N.E.2d 360, 361; *Harvey v. Carponelli* (1983), 117 Ill. App. 3d 448, 453 N.E.2d 820.) The reviewing court may deem waived those issues not properly presented. (*Pecora*, 109 Ill. App. 3d at 826, 441 N.E.2d at 361; *Southwestern Illinois Development Authority v. Vollman* (1992), 235 Ill. App. 3d 32, 600 N.E.2d 926.) Plaintiff has waived the issue of constitutionality.

Warren alleges in her final issue on appeal that the trial court erred by not addressing the issue of whether the City of Fairfield was estopped from denying the permit to Warren due to Warren's detrimental reliance on the issuance of the permit.

At the hearing before the trial court, plaintiff's attorney advised the court that plaintiff had no evidence to present and that the record on appeal from the Zoning Board was complete. Plaintiff's attorney proceeded to argue before the trial court, however, that plaintiff purchased a trailer in reliance on the City's issuance of a permit. It was argued that plaintiff would not have purchased the trailer had the City not issued the permit and, therefore, the City should be estopped from rescinding the permit. The trial court ruled that the appeal before the trial court was taken pursuant to the Administrative Review Law and any evidence outside the record from the Zoning Board would not be considered. On administrative review, the court's function is limited to ascertaining if the findings and decision of the administrative agency are against the manifest weight of the evidence. *Hale v. First National Bank* (1978), 57 Ill. App. 3d 310, 372 N.E.2d 959.

■ No facts supporting an estoppel appear in the record from the zoning board. Plaintiff agreed that the record before the trial court was complete, and in proceeding before the trial court plaintiff advised the court she was not presenting any new evidence but that the court was to decide the appeal "strictly on the law." The facts in the record on administrative review relate to the rescission of the permit and whether the Zoning Board acted within the confines of the zoning ordinance. This was an administrative review proceeding, and the

court was limited to the issues raised and the record made at the zoning board hearing. (See *River Forest State Bank & Trust Co. v. Zoning Board of Appeals* (1962), 34 Ill. App. 2d 412, 416, 181 N.E.2d 1, 3.) We cannot find that the trial court erred in not considering the issue of estoppel.

The decision of the circuit court of Wayne County is affirmed.

Affirmed.

LEWIS, P.J., and GOLDENHERSH, J., concur.