RVS INDUSTRIES, INC., Plaintiff-Appellant, v. THE VILLAGE OF SHILOH, Defendant-Appellee.

Fifth District No. 5—03—0360

Opinion filed October 7, 2004.

Thomas A. LeChien, of LeChien & LeChien, Ltd., of Belleville, for appellant.

Terry I. Bruckert and Douglas C. Gruenke, both of Belsheim & Bruckert, L.L.C., of O'Fallon, for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

The plaintiff, RVS Industries, Inc., applied for a special-use permit with the defendant, the Village of Shiloh (the Village), to convert its 6-unit townhouse building into a 10-unit townhouse building. See Village of Shiloh Codified Ordinance Book § 6—4—10 (eff. 2001). The Village denied the plaintiff's application, and on administrative review, the circuit court entered a summary judgment and upheld the Village's decision. We affirm.

## FACTS

On October 12, 2001, the plaintiff applied for a special-use permit with the Village to convert four garages, attached to its six-unit townhouse building, into four additional residential units. The plaintiff's property was zoned multifamily residential and encompassed its townhouse building (including the garages), a covered porch, a concrete pad for the trash bin, and an asphalt parking lot. The plaintiff's total lot area measured 28,089 square feet, the building (measured from the interior walls) measured 6,720 square feet, the existing porch measured 576 square feet, the proposed porch for the additional units measured 384 square feet, the existing parking area measured 3,720 square feet, the required proposed parking area measured 400 square feet, and the concrete pad for the trash bin measured 100 square feet.

On June 2, 1986, the Village adopted the Building Officials and Code Administrators International, Inc. (BOCA), National Building Code. On April 24, 2002, Ralph Rangel, of the technical staff of BOCA, wrote a letter to Russ Stroot, chairman of the Village's planning and

development, regarding the interpretation of section 502.1 of the BOCA National Building Code (BOCA National Building Code § 502.1 (1996)). Rangel stated as follows:

"The area of a building *** as defined in Section 502.1 is derived by measuring the area of largest story on or above grade. These measurements are taken from the inside face to the inside face of the exterior walls. As such, if the second floor of a building is larger than the first floor, or in other words, if the second floor overhangs past the exterior walls of the first floor at any location, the area of this particular building is measured at the second floor. As long as a porch or deck is located beyond the outer[ ]most exterior walls of a building, the areas of such appendages are not included in the calculating of the area of a building."

Rangel tempered his letter by stating: "[T]his opinion is based on the information which you have provided. *** Remember that you, the code official, have the final authority to interpret the code."

On May 6, 2002, the Village denied the plaintiff's application for a special-use permit because of "lot coverage issues," *i.e.*, because the plaintiff's proposed and existing lot coverage exceeded 40% of the lot, which was prohibited by Village ordinance. See Village of Shiloh Codified Ordinance Book § 6—4—11 (eff. 2001). On July 2, 2002, the plaintiff filed its complaint for administrative review. On November 25, 2002, the plaintiff filed its motion for a summary judgment, and on January 13, 2003, the Village filed its motion for a summary judgment. On May 8, 2003, the circuit court held that the plaintiff's existing and proposed lot coverage exceeded 40% of the lot, denied the plaintiff's motion for a summary judgment, and granted the Village's motion for a summary judgment. On June 4, 2003, the plaintiff filed its timely notice of appeal.

## ANALYSIS

■ Rules of construction that apply to statutes also apply to ordinances. *Warren v. Zoning Board of Appeals of the City of Fairfield*, 255 Ill. App. 3d 482, 486 (1994); *County of Lake v. Zenko*, 174 Ill. App. 3d 54, 59 (1988). "Unless the ordinance indicates otherwise, a property owner should be able to rely on terms used in a zoning ordinance to mean what they are commonly understood to mean [citation], and words or phrases not defined in an ordinance are given their ordinary meanings. [Citation.]" *Zenko*, 174 Ill. App. 3d at 60. "If there are specific definitions of any terms within an enactment, those definitions, when reasonable, will be sustained for purposes of the act [citations] to the exclusion of hypothetical indulgences [citation]." *Zenko*, 174 Ill. App. 3d at 60. The construction of a zoning ordinance is a question of law, and a reviewing court may make an independent

determination of questions of law. *Warren*, 255 Ill. App. 3d at 486; *Zenko*, 174 Ill. App. 3d at 60.

According to the Village's area-and-bulk-regulations table (Village of Shiloh Codified Ordinance Book § 6—4—11 (eff. 2001)), the "maximum coverage in percent of lot" allowed for districts zoned multifamily residential, as is the plaintiff's property in the present case, must not exceed 40% of the lot. The undisputed total lot area of the plaintiff's property was 28,089 square feet, 40% of which is 11,236 square feet. The Village cites no authority to include the area of a concrete pad for a trash bin for the calculation of the lot coverage pursuant to the Village's ordinance, but excluding the pad area of 100 square feet is to no avail. However, if the square footage of the existing and proposed parking areas is excluded, the plaintiff's lot coverage equals 7,680 square feet (27% of the lot) and does not exceed the Village's lot coverage limit. Similarly, if the square footage of the plaintiff's existing and proposed porch areas is excluded from the calculation, the plaintiff's lot coverage equals 10,840 square feet (39% of the lot) and does not exceed the Village's lot coverage limit.

## Porch Area

■ The plaintiff argues that the Village misinterpreted the BOCA National Building Code to include the porch as a building area to calculate the coverage of the plaintiff's lot. We disagree.

The Village has adopted the BOCA National Building Code, which defines "Area, building," as follows:

> "The area included within surrounding exterior walls (or exterior walls and fire walls) exclusive of vent shafts and courts. Areas of the building not provided with surrounding walls shall be included in the building area if such areas are included within the horizontal projection of the roof or floor above." (Emphasis omitted.) BOCA National Building Code § 502.1 (1996).

Building area is included to determine the coverage of the lot. The parties do not dispute that the plaintiff's existing and proposed porches would be covered by the roof of the plaintiff's townhouse building. In his letter, Ralph Rangel, of the technical staff of BOCA, construed building area in section 502.1 of the BOCA National Building Code, stating:

> "[I]f the second floor of a building is larger than the first floor, or in other words, if the second floor overhangs past the exterior walls of the first floor at any location, the area of this particular building is measured at the second floor. As long as a porch or deck is located beyond the outer[ ]most exterior walls of a building, the areas of such appendages are not included in the calculating of the area of a building."

To determine whether to include the porch area to calculate the area of the building, Ralph Rangel construed the language of the BOCA National Building Code that required the inclusion of areas of the building not provided with surrounding walls if those areas are included within the horizontal projection of the floor above. See BOCA National Building Code § 502.1 (1996). However, the BOCA National Building Code requires areas of the building not provided with surrounding walls to be included in the calculation of building area "if such areas are included within the horizontal projection of the *roof* or floor above." (Emphasis added.) BOCA National Building Code § 502.1 (1996). The existing and proposed porches, although not areas within the horizontal projection of the floor above, were areas included within the horizontal projection of the roof above, and therefore, they were properly included to determine the area of the building and the plaintiff's lot coverage. See *Cervini v. Shorten*, 12 Misc. 2d 721, 724, 152 N.Y.S.2d 905, 908 (N.Y. Sup. Ct. 1956) (under the language of the village zoning ordinance, all porches were required to be included in the calculation of the maximum building area).

## Parking Area

The plaintiff argues that the parking area should also not be included in the calculation of lot coverage. We disagree.

*Expressio unius est exclusio alterius* is a rule of construction that provides that the express mention of one thing implies the exclusion of another. *Clarke & Co. v. Fidelity & Casualty Co. of New York*, 220 Ill. App. 576 (1921). In the area-and-bulk-regulations table (Village of Shiloh Codified Ordinance Book § 6—4—11 (eff. 2001)), the Village specified, with an asterisk, which zoning districts excluded the parking lot area to determine their lot coverage, thereby allowing these districts to exceed the lot coverage limit if the excess is parking lot area. The language of the ordinance reveals the Village's intent to allow these districts, *i.e.*, neighborhood business, office business, highway business, and general business, which include such uses as retail trade, professional offices, hospitals, convenience stores, banks, and shopping malls (Village of Shiloh Codified Ordinance Book § 6—4—10 (eff. 2001)), greater coverage of their lot for customer parking.

In the area-and-bulk-regulations table, the multifamily residential zoning district's "maximum coverage in percent of lot" box was not marked with an asterisk. Village of Shiloh Codified Ordinance Book § 6—4—11 (eff. 2001). The language of the ordinance demonstrates the Village's intent to include the parking area in calculating lot coverage for lots zoned multifamily residential, which do not need additional parking area for customers. Village of Shiloh Codified Ordinance Book

§ 6—4—11 (eff. 2001). Because the parking lots were not specifically excluded in calculating lot coverage for areas zoned multifamily residential, the square footage of the plaintiff's parking area in the present case must be included in calculating the plaintiff's lot coverage. See *Clarke & Co.*, 220 Ill. App. 576 (by the terms of the insurance policy, because parts of the interior of the building were specifically excluded, all other parts of the interior of the building were intended to be included). To construe the ordinance otherwise would render the identifying asterisk and its accompanying language superfluous. *Village of Sauget v. Cohn*, 241 Ill. App. 3d 640, 646 (1993) (a court must give effect to every word, clause, and sentence, and a court's construction should not render a word or phrase superfluous or meaningless).

We conclude that both the plaintiff's existing and proposed porch areas and the plaintiff's existing and proposed parking areas must be included in calculating lot coverage, and therefore, the plaintiff's existing and proposed lot coverage exceeds 40% of the lot, which is prohibited by the Village's zoning ordinance.

Accordingly, we affirm the judgment of the circuit court of St. Clair County, which upheld the Village's denial of the plaintiff's application for a special-use permit.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

WELCH and MAAG, JJ., concur.