2024 IL App (2d) 230494-U
No. 2-23-0494
Order filed February 8, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 23-CF-645 |
| | ) | |
| KENNETH M. MOORE, | ) | Honorable |
| | ) | David P. Kliment |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court.
Presiding Justice McLaren and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in denying defendant pretrial release.

¶ 1    Defendant, Kenneth M. Moore, appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). The Office of the State Appellate Defender declined to file a memorandum pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), and defendant stands on his notice of appeal. For the following reasons, we affirm.

¶ 2 Defendant was charged with 16 felonies including, *inter alia*, four counts of armed robbery with a firearm (720 ILCS 5/18-2(a)(2) (West 2022)), six counts of aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(1), (2)), two counts of unlawful possession of a firearm by a felon (*id.* § 24-1.1(a)), two counts of possession of a firearm with a defaced serial number (*id.* § 24-5(b)), and two counts of obstructing a peace officer causing injury (*id.* § 31-1(a-7)). The charges arise from a robbery of a Culver's restaurant at gunpoint, and defendant's subsequent flight from police on March 28, 2023.

¶ 3 Defendant's bail was initially set at $150,000. On October 19, 2023, after the effective date of the amendments to the Code, commonly known as the SAFE-T Act or Pretrial Fairness Act, defendant moved to reconsider the conditions of pretrial release. In response, on October 31, 2023, the State filed a verified petition to deny pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). On November 8, 2023, a hearing was held on the opposing motions.

¶ 4 At the hearing, the State presented a video recording of the robbery taken from the restaurant's security cameras, as well as the police synopsis. The video showed a black male wearing a black mask and a black hooded sweatshirt enter the restaurant and approach the counter. The suspect points a gun at the employee behind the register, and she begins emptying the register. The suspect then walks into the kitchen area and brings out three other employees. He aims the gun at them, and they begin emptying the other registers. While this is happening, a customer enters the restaurant, and goes into the bathroom, apparently unaware of the robbery. The suspect then enters the bathroom and brings out the customer, aims the gun at him, and forces him to hand over his money and phone. The suspect then leaves the restaurant.

¶ 5 According to the police synopsis, witnesses saw the suspect flee westward on a bicycle after leaving the restaurant. Responding officers located defendant on a bicycle approximately one mile west of the restaurant. Defendant fled along some railroad tracks on his bicycle before abandoning the bicycle, hopping a fence, and fleeing on foot. Officers surrounded defendant who was holding a "Glock 21SF .45" handgun with the serial number filed off. Defendant dropped the gun and was taken into custody. Defendant was found to have a mask and $622.70 in bills and coins on him. Defendant was detained for a show up, and the customer whose phone and money were stolen identified him as the robber. The manager of the restaurant reported that roughly $600 in cash had been taken from the restaurant, and the customer reported that defendant took $200 and his cellphone.

¶ 6 Defendant's criminal history included misdemeanor convictions for resisting arrest and retail theft, and felony convictions for residential burglary and attempted residential burglary in 2014. He was placed on probation for the burglary charges and went on to commit new offenses on nine separate occasions including misdemeanor resisting arrest in 2017, misdemeanor DUI and fleeing in 2018, and felony aggravated fleeing in 2019.

¶ 7 Following the hearing, the trial court entered an order denying defendant's pretrial release. In its written order and on the record, the court emphasized that defendant posed a real and present threat to the safety of the community at large and the witnesses in particular in that he brought a loaded gun into a public establishment and aimed it several people. Further, it found that defendant's prior failure to comply with the conditions of his probation indicated that defendant would not fully comply with any conditions of release that it might set.

¶ 8 Defendant argues in his timely notice of appeal that the State failed to show by clear and convincing evidence (1) that the proof was evident or presumption great that defendant committed

the charged offenses, because the evidence was insufficient to identify defendant as the suspect in the security camera footage where the suspect in the video was wearing a hood and mask, and the amount of cash recovered from defendant was different from the amount of cash the witnesses stated was taken; (2) that defendant posed a real and present threat to the safety of any person or persons or the community, because the State failed to prove that defendant was the suspect in the video and defendant's prior criminal history is not violent, abusive, or assaultive; and (3) that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, because defendant is able to reside with his grandmother and any threat posed by defendant could be mitigated by electronic home monitoring or other conditions. Defendant additionally argues (4) that he was denied a fair hearing because there is no indication the State made contact with complaining witnesses to inform them of the hearing, and (5) the State's petition to detain was filed more than 21 days after the effective date of the amendments to the Code.

¶ 9    Defendant's challenges to the evidentiary findings under section 110-6.1(e)(1-3) of the Code (725 ILCS 5/110-6.1(e)(1-3) (West 2022)) all stem from his claim that there was insufficient proof to identify defendant as the suspect in the security camera footage.

¶ 10    We review whether the trial court's findings were against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the trial court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 11    Setting aside the fact that several of the charges relate to defendant's flight from police, and the fact that he was found to be in possession of a firearm with a defaced serial number at the

time he was apprehended, positive identification by a single witness is sufficient to sustain a conviction (*People v. Slim*, 127 Ill. 2d 302, 307 (1989)), let alone an order for pretrial detention. Defendant was positively identified by the restaurant customer. Further, defendant was found in the vicinity of the restaurant riding a bicycle in possession of cash, a firearm, and a mask at the time of his arrest. Additionally, the trial court had the opportunity to observe defendant and the security footage and is in a better position than us to determine if defendant was the person in the recording. See *People v. Gherna*, 203 Ill. 2d 165, 175 (2003) (trial court is in a superior position to observe witnesses' demeanor).

¶ 12　Regarding defendant's argument that the State failed to notify complaining witnesses of the hearing, defendant provides no citation to support his claim that the State was obligated to provide such a notification. " 'A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research.' " *In re Marriage of Baumgartner*, 237 Ill. 2d 468, 474-75, (2010) (quoting *Pecora v. Szabo*, 109 Ill. App. 3d 824, 825-26 (1982)). Further, the only reference to complaining witnesses in section 110-6.1 of the Code relates to a procedure by which a *defendant* may seek to compel the presence of a complaining witness as justice so requires, indicating that the presence of complaining witnesses is the exception to typical procedure, rather than the norm. 725 ILCS 5/110-6.1(f)(4) (West 2022). Notably, the record does not indicate that defendant sought to compel any witnesses below.

¶ 13　As for defendant's argument that the State's petition to detain was untimely, it is now well settled that the State may file a petition to deny pretrial release in response to a defendant seeking a hearing under section 110-5(e) of the Code (725 ILCS 5/110-5(e) (West 2022)). *People v. Davidson*, 2023 IL App (2d) 230344, ¶ 17.

¶ 14    For these reasons, the trial court did not err in denying defendant pretrial release and we affirm the judgment of the Kane County circuit court.

¶ 15    Affirmed.