2024 IL App (2d) 240033-U
No. 2-24-0033
Order filed March 6, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2815 |
| ANDREW R. LONGHI, | ) ) ) | Honorable Salvatore LoPiccolo Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   There was sufficient evidence to deny defendant pretrial release where defendant posted a photograph of the beaten and bruised victim to his Facebook page stating that "we ain't even yet", defendant had 18 prior felony convictions, and at the time of the offense defendant was on mandatory supervised release from the Department of Corrections and pretrial release from three different counties.

¶ 2   Defendant, Andrew R. Longhi, appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)).

¶ 3    On December 27, 2023, defendant was charged via complaint with robbery (720 ILCS 5/18-1(a) (West 2022), burglary (*id.* § 19-1(a)), aggravated battery great bodily harm (*id.* § 12-3.05(a)(1)), theft (*id.* § 16-1(a)(1)(A), and criminal damage to property (720 ILCS 5/21-(a)(1)).

¶ 4    Defendant argues in his notice of appeal that the State failed to show by clear and convincing evidence that (1) the proof was evident or presumption great that defendant committed the charged offenses, because the "State presented the police synopsis[,]" no live witnesses were called, the state did not present medical records from victim, and the State presented no direct evidence that defendant was in possession of the stolen items; (2) defendant poses a real and present threat to the safety of any person or persons or the community, because the "State's proffer from the police report synopsis is not sufficient"; and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, because "an order of no contact with the complaining witness and order of no entry to the complaining witness'[s] business" would be sufficient.

¶ 5    In short, defendant's first three arguments perfunctorily challenge all three findings required to deny a defendant pretrial release (725 ILCS 5/110-6.1(e)(1-3) (West 2022)). Defendant declined to file a memorandum, and thus the issues on appeal and arguments in support are limited to the notice of appeal. We shall address the merits or lack thereof of the additional elaborations contained in the notice of appeal, mindful of this established law: " 'A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research.' " *In re Marriage of Baumgartner*, 237 Ill. 2d 468, 474-75, (2010) (quoting *Pecora v. Szabo*, 109 Ill. App. 3d 824, 825-26 (1982)). "[I]t is neither the function nor the obligation of this court to act as an advocate or

search the record for error [citation]. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). Accordingly, defendant has forfeited his arguments.

¶ 6    Forfeiture, however, is a limitation on the parties, not the reviewing court, and we may overlook forfeiture when necessary to reach a just result or maintain a sound body of precedent. *People v. Acosta*, 2024 IL App (2d) 230475, ¶ 15.

¶ 7    Forfeiture aside, on an appeal from an order denying a defendant pretrial release we review whether the trial court's findings were against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the trial court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 8    To begin, we reject defendant's argument that a synopsis is *per se* insufficient to demonstrate that the proof is evident or presumption great that defendant committed the charged offenses. At a pretrial detention hearing, the State is explicitly permitted by the Act to present evidence "by way of proffer based upon reliable information." 725 ILCS 5/110-6.1(f)(2) (West 2022). Indeed, the Act additionally exempts detention hearings from the rules of evidence. *Id.* § 6.1(f)(5). Without explaining why this police synopsis is not "reliable," counsel's notice of appeal simply argues that the synopsis was insufficient because the State did not call any live witnesses, present medical records from the victim, or "direct evidence" of the theft. This bare conclusory argument is patently without merit and the practice of rotely including it in every notice of appeal without a citation to authority should be discontinued. *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 34.

¶ 9    The State proffered that in December 2023 defendant was released from prison and placed on mandatory supervised release from a prior conviction. On December 27, 2023, defendant entered a tattoo parlor where had worked prior to going to prison. Defendant claimed that the owner of business had taken his tattoo machine. Defendant proceeded to knock over merchandise and the register in the front area of the parlor. Defendant knocked the owner of the business down, stood over him, and struck him in the face several times causing multiple facial fractures. Defendant then stole the owner's cellphone and a tattoo machine which belonged to one of the employees. Defendant posted a picture of the business owner bruised and bloody with the caption "coward ass bitch Let's show the world what I just did to you Let this bitch be an example to all y'all and anyone who want to try me—we ain't even yet. I want my shit back" to his Facebook page. At the time of the alleged offense, defendant was on pretrial release in three different counties, as well as mandatory supervised release. Defendant's criminal history included 18 prior felony convictions, for *inter alia* burglary, arson, and unlaw use of a weapon by a felon.

¶ 10    In light of the State's proffer, and particularly defendant's Facebook post in which he bragged about his crimes and threatened further violence, we find that there was sufficient evidence to support the trial court's order of detention.

¶ 11    Affirmed.